GARVIN v. HATCHER ET AL.

**Dower:** ADMINISTRATOR: RES ADJUDICATA. An administrator filed a petition for the sale of realty to pay off claims against the estate, and the widow answered, claiming her dower in the land to be sold. The probate court ordered and approved a sale of all the land, without reservation of a dower interest therein, or its equivalent from the proceeds of the sale. In an action by the widow to subject the land to her claim for dower, the defendants pleaded the sale under the order of the probate court, and deed thereunder: *Held*, that the answer set up a sufficient defense to the action.

*Appeal from Lucas District Court.*

WEDNESDAY, OCTOBER 21.

THE petition alleges that plaintiff is the widow of Daniel Garvin, late of the State of Ohio, deceased, and prays for the admeasurement of her dower in certain lands described, situate

in Lucas county.   It is averred that her deceased husband left surviving him certain heirs, whose interest in the lands is vested in the defendants, except Hatcher, by proceedings in the Court of Probate of the county wherein the lands are situated.   She admits in her petition that she was made a party to this proceeding, and makes further statements in regard to them which need not be here repeated.

The answer of defendants shows that Hatcher is the administrator of the estate of Garvin, appointed by the Probate Court of Lucas county, and the other defendants hold title to the lands under a sale ordered and affirmed by that court, upon the petition of the administrator for the payment of claims against the estate.   It sets out the petition, answer thereto of plaintiff herein, the order of the court for the sale, appraisement and report of appraiser, administrator's deed made and the approval thereof, being proceedings had upon which the land was sold, and under which defendants claim title.   The petition of the administrator shows that the claims against the estate exceed, by a large sum, $2,585, the personal property which was assets for the payment of debts, and shows the necessity for the sale of the land.   It avers that plaintiff herein is the widow of decedent, and that she claims her dower in the land, and asks that it be " set-off to her in money."   It names the heirs of decedent, and asks that the land described in the petition of plaintiff herein be sold for the payment of the debts of the estate.   To this petition, filed in the Probate Court, plaintiff herein answered, admitting all its allegations, and in addition states her claim of dower, and asks that one-third of the land be set off to her, or that its value be allowed and paid to her in money.   The date of the death of Garvin is not shown by the probate proceedings.   It is alleged in the petition in this case to have occurred in the year 1864.

Upon this petition and answer the Probate Court rendered the following order of sale:  "Comes now E. M. Thorpe, attorney, and files herein the separate answer of Catherine Garvin, widow, Nancy C., Rebecca J., Margaret A. Davis, James and John M. Garvin, and Mary E. McConnell and Alexander McConnell, heirs of said Daniel Garvin, deceased,

and this cause coming on to be heard upon the petition of said administrator and answers of defendants, and the court being fully advised in the premises, the request is granted. It is therefore ordered that M. B. Hatcher, administrator of the estate of Daniel Garvin, deceased, be authorized and empowered to sell and convey all the rights, titles and interests of the said heirs of Daniel Garvin, deceased, in and to the lands described in said petition either at public or 'private sale, as may best promote the interest of said heirs. It is further ordered that W. K. Larimer, Jesse McMullen and Daniel Shamburg, be appointed to appraise said lands and report to this court."

The commission to the appraisers directed them to appraise the land at "its full value in entirety." Under this authority the value of the land was found and reported to be $1030.00. The administrator sold the land at the appraised price, and executed a deed in due form, which was duly approved by the county judge and the sale confirmed as provided by law. These proceedings were had in 1867 and 1868.

The answer in the case before us alleges that the whole of the lands were sold under the administrator's sale, and the party purchasing them bid at the sale and received his deed with such understanding; that the defendants, purchasers under him, acquired their title with the same understanding and in good faith, paying the full value of all interests in the lands. The answer closes with the following allegations:

"And they here charge the facts to be, that plaintiff was duly notified of the pendency of said proceeding to sell; that she voluntarily filed in said proceedings her answer, wherein she did not resist the prayer of said administrator to sell all of said lands; that on or about the 25th day of February, 1868, she was fully advised of the order made by said court, and all the proceedings thereunder, and that if she was entitled to, and did not obtain, a share of the proceeds or money arising from the sale of said lands, her failure to do so is attributable to her own negligence; that she was fully advised of the fact that said lands had been sold, and of all the subsequent sales thereon. That she not only failed to appeal or in

any manner object to said order of sale; but she failed in any manner to give any notice of any claim to or interest in said lands, or to pay any taxes thereon. That well knowing all the foregoing facts, she remained silent until after defendants had in good faith purchased and paid for said lands, and expended large sums of money in the improvement of the same, hence defendants claim that she is now in law and equity estopped from setting up or claiming a dower interest in said lands, and ask that her petition be dismissed, and that defendants have judgment against said plaintiff and her security for costs."

A demurrer to the answer was sustained by the court, and defendants electing to stand thereon, a decree was entered declaring plaintiff to be entitled to dower in the land, and appointed referees to make allotment thereof. From this decree defendants appeal.

*Stewart & Bartholomew*, for appellants.

*L. G. Palmer* and *Jos. C. Mitchell*, for appellee.

Beck, J.—I. Should we hold that the widow's dower could have been properly assigned, or her rights of dower protected in the proceedings had in the probate court, as set out in the pleadings in this case, a point that we do not decide, yet the refusal of that court to grant the relief must be presumed to have been warranted by the case made by the parties, and that it was made to appear that she was not entitled to dower, or that her dower had been, could, or ought to be assigned in other lands. In such cases the omission of the court to grant the relief would have been in accord with the law.

And if it be conceded that she was entitled to a portion of the proceeds of the sale of the land in lieu of dower, her rights thereto so far as the sum to which she was entitled is concerned, if not her right to recover at all, could have been determined only after the sale of the land, and the report of the administrator had been made. Even had her right to the money in lieu of dower been settled before sale, subsequent orders of the probate court were necessary to entitle her to receive her portion. It is therefore evident that the pur-

chasers' title to the land did not depend upon subsequent proceedings in relation to her rights, and could not be affected by the failure of the probate court to protect her rights to the money, or by erroneous rulings affecting them.

II. No question can exist as to the probate court's jurisdiction, and none are raised, for it appears to have been regularly acquired. The request of the administrator in the petition was for the sale of the land, and this, by the adjudication, was granted. But the order of sale proceeds further, and rehearses that the administrator be authorized to sell " the right, title and interest of the heirs " in and to the land. It is insisted by appellants that the term *heirs* includes the widow, while the appellee claims that it applies only to the children of deceased who are his heirs at law, the term being used as *descriptio personarum.* We will not pretend to decide the question thus raised; the case may be determined without it.

The probate court was empowered to order the sale of the land only in the manner prescribed by law. It could have provided for a sale of a part of the land, if no more was required to be disposed of for the payment of the debts of the estate. It is obvious that the court determined how much land it was necessary to sell in order to discharge the debt. The order clearly fixed the whole, and was authorized by the facts before the court in a proceeding in which plaintiff was a party. The direction to the administrator does not limit the quantity to a part, but directs that the interest of the heirs in all be sold. We are not to understand this order as restricting the adjudication to sell all the land, or sell the interest in it, but are to regard it as a mode of expression used by the court to indicate the sale of all the land, and all interests in it held by the decedent. That this was the court's understanding is obvious, for the deed executed by the administrator was approved in due form, and it is a conveyance of all the land. By Rev., § 2386, Code, § 2399, such an instrument, it is declared, passes to the purchaser all the interest of decedent in the real estate conveyed. We conclude that the proceedings of the probate court do not show that the

dower interest of the plaintiff, or rather any part of, or interest in, the land covered by her dower, was reserved from sale, but, on the contrary, that it was all sold.

These views applied to the case make the whole record of the court's adjudications harmonious and in accord with the law. Those pressed by appellant's counsel, if adopted, would cause it to be regarded as contradictory and illegal.

The probate court, having jurisdiction of the subject-matter before it, and of the parties interested, including plaintiff, who appeared in the case, and the proceeding being regular and in conformity with law, (no objections being urged thereto except those above considered), the sale and deed of the land to defendant's grantors are not defeated by anything set up in the answer. In pleading the sale and deed, it sets up a sufficient defense, and the demurrer ought to have been overruled.

We find it unnecessary to consider many arguments advanced in counsel's brief, and authorities cited by them upon questions of notice, estoppel, etc., as the decision of the case, in our opinion, turns upon the points above discussed.

REVERSED.