OLMSTED v. BLAIR ET AL.

1. **Dower**: SALE OF REALTY: RES ADJUDICATA. Where an administrator instituted proceedings in the probate court for the sale of realty to discharge the debts of decedent, making the widow a party, and process was duly served upon her, and the land sold under the order of court, *held*, that the right of the widow to dower was adjudicated in the proceedings for the sale of the land, and that she could not afterward maintain an action therefor.

*Appeal from Harrison Circuit Court.*

THURSDAY, DECEMBER 7.

THE plaintiff claims in this action to recover her dower interest in certain lands. Her husband in 1861 died seized of the real estate in controversy, and the petition alleges that her dower therein has not been assigned, and she has not relinquished her rights thereto. Other matters set up in the petition need not be stated.

The answer shows that plaintiff's husband, at the time of his death, was indebted beyond the value of his personal property, and that the administrator of his estate instituted proceedings in the proper court of probate for the sale of the lands in question to pay the debts of the estate. This proceeding conformed to the requirements of the law, all the steps having been taken as prescribed by the statute. The plaintiff in this action was made a party to that proceeding, and process issued therein was duly served upon her, but she failed to appear and answer thereto. An order was made for the sale of the lands, and proper proceedings were had thereunder wherein they were sold and duly conveyed by the administrator to the defendant, John I. Blair, on the 30th day of December, 1866. Blair and his grantees have been in possession of the property since the execution of the administrator's deed. The defendants claim and aver that plaintiff's rights to the land were adjudicated in the proceedings wherein they were sold by the administrator. The defendants also set up the statute of limitations as a bar to plaintiff's action.

The plaintiff demurred to the answer of defendants, on the grounds that the facts of plaintiff being a party and having been served with notice in the proceedings for the sale of the lands by the administrator constitute no defense to the action, and that the facts shown in the petition make out no defense under the statute of limitations. The plaintiff's demurrer was overruled. She elected to stand thereon, and judgment, dismissing her petition, was rendered, from which she appeals.

*F. Bangs* and *Clinton, Hart & Brewer,* for appellant.

*I. N. Kidder,* for appellees.

BECK, J.—Two defenses to the action are pleaded in the answer of defendants. They are these: 1. A former adjudication upon the rights of plaintiff set up in her petition, adverse to her claim to the lands. 2. The bar of the statute of limitations. The demurrer admits the facts well pleaded whereon these defenses are based. If either of the defenses are sufficient in law, the demurrer to the answer was properly sustained. In our judgment the first must be so held. It is unnecessary to hold the second good in order to sustain the rulings of the court below. It will not, therefore, be considered or passed upon in this opinion.

We will proceed to consider the sufficiency of the defense of former adjudication assailed by the demurrer of plaintiff. It is based upon the fact that plaintiff was made a party and duly served with process in the proceedings instituted by the administrator for the sale of the lands. It cannot be doubted that, if the subject matter of the action, so far as it includes the claim and right of plaintiff to dower in the lands, was involved in that proceeding, and the court in which the same was determined had jurisdiction thereof and of the person of plaintiff, a decision in such case adverse to plaintiff would be binding upon her and bar her right of recovery in this action. Plaintiff's husband having died in 1861, and the sale of the lands having been made in 1866, her rights and the effect of the proceedings under which the lands were sold must be

determined under the provisions of the Revision of 1860. It may be admitted, for the purpose of this case, that plaintiff's dower interest in the lands of which her husband died seized, was not subject to the debts of her husband's estate. Counsel for defendants concede this proposition, and express the opinion that the case falls within the rule of *Mock v. Watson*, 41 Iowa, 241.

Under the Revision of 1860, if the personal effects of the deceased were inadequate to pay the debts of the estate, a sufficient portion of the lands were allowed to be sold for that purpose. The sale was ordered by the court of probate upon proceedings prescribed by the statute. But prior to the making of such an order notice was required to be given "to all the persons interested in such real estate." §§ 2374–2376. In these proceedings the court had jurisdiction to determine the existence of indebtedness against the estate, the insufficiency of the personal property to pay it, the fact that the land, which the administrator asked the court in his application for authority to sell, was subject to sale for the payment of debts, the quantity to be sold, and whether the interest and rights of those made parties to the proceedings were such that, under the law, the land could or could not be sold. These things constituted the subject matter of the proceedings. The jurisdiction of the court over this subject matter cannot be doubted. Plaintiff was made a party to the proceeding and duly served with notice; the court had jurisdiction of her person. Plaintiff's rights and interest in the lands, as we have just seen, were of the subject matter of the proceeding. If her dower interest had been barred by her own act, if her dower in all the real estate of her husband had been set apart in other lands, or if her dower was unassigned and there were other lands of the estate out of which the law would assign to her dower in preference to the lands in suit or any part of them, in these and other cases the court would be authorized to order the sale of the property free from her claim thereon. The order of the court for the sale of the land must be understood as a judgment for the sale of all the interests therein held by the estate—the fee simple title of all the property. And, if

any of the facts above mentioned. existed, the full fee simple title in all the lands and all the interest therein were found in the estate. Upon an adjudication that plaintiff was entitled to no part of the lands in suit as dower, the sale and deed thereunder would have conveyed such interest and title to the purchaser. The plaintiff having failed to set up any objection or defense to the proceedings, being a party thereto, the judgment therein ordering the sale must be regarded as adverse to any claim she held or could have set up. This judgment operates to bar her right of dower in the lands in suit, and forever estops her to set it up in any proceedings. These conclusions are based upon familiar principles and sustained by *Garvin v. Hatcher et al.*, 39 Iowa, 685. No distinction between the facts of that case and this one exists, except in the former the widow appeared and set up her claim for dower. In this case she failed to appear. The judgment in this action, ordering the sale of the lands, had the same effect upon the dower interest as the like adjudication in the other case.

AFFIRMED.