BICKEL ET AL. V. ERSKINE ET AL.

43 213
d111 19

1. **Jurisdiction**: SALE OF INFANT'S REAL ESTATE. Where an administratrix had applied for permission to sell real estate, and notice was served upon the guardian of an infant heir, who thereupon made appearance: *Held*, that the court acquired jurisdiction under which it could order a sale of the property, notwithstanding the guardian did not file an answer.

2. **Judgment**: JUDICIAL SALE: PURCHASE BY GUARDIAN. Where the guardian of an infant heir has become the purchaser of realty sold under an order of the court, to pay the debts of the estate, paying therefor the appraised value, and in an appropriate proceeding his

title has been adjudged to be valid, the heir will be concluded by this judgment, in the absence of a showing of fraud.

3. ——: AGAINST INFANTS: FRAUD.  Judgments and decrees against infants, like those against adults, are presumed to be valid and will be sustained unless fraud is affirmatively shown.

4. ——: ——: VACATION OF.  The error for which an infant may ask that a judgment be modified, within twelve months after arriving at full age, is not error in fact, but error in law, apparent on the record, such as would be ground for reversal on writ of error at common law, or on appeal under the Code.  The infant cannot come in with new evidence or a new defense and have the case tried over again.

*Appeal from Scott District Court.*

TUESDAY, JUNE 6.

THIS is an action in equity against Andrew Erskine and Bernhard Boldt, to foreclose a written contract for the sale of real estate.  The answer of defendants, among other things, alleges a failure of title to an undivided one-half of the real estate in question.  The case was tried by the court and special findings were made, from which the following state of facts appear:

1. The property in question was formerly owned in fee simple by J. J. Peuner and Gustave Czesh, each owning an undivided one-half.  In April, 1867, Czesh died intestate, leaving surviving him his widow, Eleanor Czesh, and Theresa E. Czesh, an infant child about one month old.

2. On the 7th day of May, 1867, said Eleanor was duly appointed administratrix of said deceased's estate by the County Court of Scott county, and Henry Schleffel was by said court appointed guardian of the estate of said infant Theresa.  Said Schleffel was also surety on the administratrix's bond.

3. On the 24th day of September, 1867, the administratrix filed in said County Court a statement of the claims against said estate, showing the insufficiency of the personal property to pay the debts, and an application to sell the interest of said deceased in said real estate for that purpose.  The hearing was fixed for the first Monday in October, 1867, and notice of the

same was personally served on said infant and on her guardian. At the last named date the County Court made an order reciting that personal service had been made on all persons interested, and that Henry Schleffel appeared, both in his own behalf and on behalf of his ward, Theresa E. Czesh. The order further recites that the court "heard the evidence in support of said application, and no one appearing to resist the same, and it appearing that the personal estate is insufficient to pay the debts, the said real estate is ordered to be sold."

4. Appraisers were duly appointed and appraisement made, and under said order of sale said administratrix sold the interest of the deceased in said real estate to said Henry Schleffel for $2,500, which was its appraised value. The deed was approved March 4, 1868, and recorded the same day. Said Eleanor Czesh did not in said deed convey her one-third interest as widow.

5. At the time of said sale and deed said Schleffel was, and at the time of the trial in the court below still continued to be, the guardian of said Theresa. Schleffel and wife by warranty deed, dated June 15, 1869, and recorded July 7, 1869, conveyed the one undivided half of said property to Jacob Vogler for $3,400. J. J. Peuner, who owned the other undivided half, about the same time conveyed the same to Vogler. Vogler immediately, and more than five years before the trial in the court below, took possession of the premises and held the same as his own until he delivered possession to Erskine and Boldt on the second day of June, 1873. Vogler paid full value for said property, and had no notice of any rights or equities, if such there were, on the part of said infant Theresa, unless he was affected with constructive notice by the record of the proceedings aforesaid.

6. Eleanor Czesh, widow, by quit claim deed, dated September 30, 1873, conveyed to said Henry Schleffel all her interest in the undivided half of said real estate of which her husband died seized.

7. On the 16th day of May, 1873, Vogler and the defendants, Boldt and Erskine, entered into an agreement for the

sale by Vogler to Boldt and Erskine of the real estate in question for $8,500, of which $100 was paid down, and the balance to be paid at certain fixed times thereafter.    On the 2d day of June, 1873, Vogler delivered possession of said property to Boldt and Erskine without a deed being made to them, and they have ever since remained in the uninterrupted possession of the same.

8.   On June 24, 1873, Erskine paid to Vogler $3,750 of the purchase money.    No further payments have been made, and no rescission of said contract has since been made.    In July, 1873, Erskine had the title to said property examined, and made objections thereto, and offered to complete the purchase if the title was made perfect, or to rescind the contract and receive the purchase money paid.

9.   On the 10th day of January, 1874, Vogler conveyed said property to Bickel, plaintiff and appellee, subject, however, to all the rights of Boldt and Erskine therein.

10.   On the 13th day of November, 1873, Vogler brought suit against said infant Theresa, in the Scott Circuit Court, to quiet his title to said property.    Original notice in said suit was duly and personally served on said infant on the 12th day of November, 1873.    In the petition in said action plaintiff set forth his title to said real estate, described as aforesaid, and averred that, when the order of the County Court was made to the administratrix, Eleanor Czesh, to sell the interest of the estate of Gustave Czesh, deceased, Henry Schleffel, the guardian of said infant, appeared and represented his interest as such guardian, but from an erroneous impression about the necessity of so doing, no answer in writing was entered on the record, yet the said court, in its consideration of the said matter, did not take the petition as confessed, but required proof of all the material allegations contained in the petition as though an answer had been filed.   That the purchase was made by Henry Schleffel for a full price, understanding the same to be regular and legal.    That under said sale he went into possession, and that he and his grantees have remained in possession down to the present time, being a period of over five years from the said administratrix's sale,

and prays for a decree quieting his title and forever barring Theresa E. Czesh from ever setting up any claim or title thereto, etc.

To the said petition defendant appeared by guardian *ad litem*, duly appointed, and filed an answer denying the allegations in said petition contained; also alleging that Schleffel, who purchased at the sale, was the guardian of defendant and therefore could not purchase.

Upon the trial of said cause the court found the allegations of said petition to be true, and adjudged the order of sale and sale thereunder to be legal and valid, and entered judgment accordingly, quieting plaintiff's title as prayed, the date of which judgment is December 2, 1873.

Said Theresa E. Czesh is still living and an infant. No appeal has ever been taken from said judgment nor any proceedings taken to vacate or modify the same nor to obtain a new trial, nor have any proceedings been taken by any party to set aside said administratrix's sale, nor attacking the validity thereof, or the title obtained thereby. The plaintiff, Bickel, filed his petition in this action on the 13th day of April, 1874.

Upon the foregoing findings of fact the court below found, as a conclusion of law, that there was no defect in the plaintiff's title, and that he was entitled to have a decree for specific performance against Boldt and Erskine, and in default of such performance decree of foreclosure and sale of defendant's interest in said property to satisfy the amount due, which decree was accordingly entered, and the defendants excepted and appeal.

*W. A. Foster* and *Cook, Richman & Bruning*, for appellants.

The County Court cannot render a judgment affecting the right of an infant, without a defense by the guardian. (*Bloom v. Burdick*, 1 Hill, 130; *Schneider v. McFarland*, 2 Comst., 454; *Whitney v. Porter*, 23 Ill., 445.) The purchase of an interest in trust property by one standing in a fiduciary relation, does not invest him with the fee simple therein; he holds it upon a resulting trust to his beneficiary. (Perry on

Trusts, § 129.) His grantee is presumed to have had notice of whatever was disclosed in the sale through which he derives title. (Perry on Trusts, § 223; *Gallatin v. Cunningham*, 8 Cow., 384.) As against a minor *cestui que trust*, the statute of limitations will not protect a trustee under a resulting trust, in the possession of real property, until one year after the minor attains his majority. (*Gebhard v. Sattler*, 40 Iowa, 152.) An infant, in showing cause why a decree should not be made absolute, may show that he had grounds of defense which were not before the court, or were not insisted upon at the hearing. (1 Dan. Ch'y Pr., 166-7; *Ralston v. Lahee*, 8 Iowa, 17.) Equity will not compel a person to take a doubtful title, and a title is doubtful when it may be fairly questioned. (1 Hill on Vendors, 210-11.)

*J. W. Thompson* and *Putnam & Rogers*, for appellees.

It is enough that the vendor is in a situation to comply with his contract when he is bound to convey, and is called upon to do so. (*Luckett v. Williams*, 37 Mo., 388; *Goss v. Singleton*, 2 Head., 47.) Although at common law a judgment could not be taken against an infant without an appearance by guardian, a violation of the rule was simply error *in fact*, to correct which the law gave the writ of error *coram nobis*. (*Arnold v. Sandford*, 14 Johns., 417; *Maynard v. Downer*, 13 Wend., 575.) An equivalent remedy is provided by our Code. (Secs. 3154, 3157.) The absence of any answer to the bill by the guardian *ad litem* of an infant defendant does not render the decree even erroneous on direct appeal therefrom. (*Banta v. Calhoun*, 2 A. K. Marsh, 166.) While it may be held that a proceeding by a guardian to obtain leave to sell his ward's land is *in personam* (*Vanatta v. Lyon*, 35 Iowa, 521), yet there is a material difference in the statute respecting administrators' sales, which would justify a different conclusion respecting them. (*Good v. Norley*, 28 Iowa, 217.) If one standing in the relation of trustee becomes a purchaser of trust property at a judgment or other sale, he will hold it subject to the equitable right of the *cestui que trust* to have it set aside at his

election. (*Davoue v. Fanning*, 2 Johns., 255; *Bostwick v. Atkins*, 3 N. Y., 53; *Sypher v. McHenry*, 18 Iowa, 232.) If the guardian purchase property of his ward, his grantee is not affected with constructive notice merely by the existence of the record. (*Gallatin v. Cunningham*, 8 Cow., 376.) A decree for *strict* foreclosure must give the infant a day to show cause; but this will not entitle him to unravel the accounts, nor to redeem by paying what is reported to be due, but only to show error in the decree. (*Mills v. Dennis*, 3 Johns. Ch., 367; *Jones v. McAvoy*, 31 Cal., 273.) The reversal of the decree could not, by the settled rule of law, prejudice the title of a purchaser in good faith, deriving title from the guardian's grantee while the decree is in force, and, in the absence of any *lis pendens*, procure its reversal or vacation. (*Wadhams v. Gay*, 7 Chic. Leg. News, 169; *McJilton v. Love*, 13 Ill., 494; *Horner v. Zimmerman*, 45 Ill., 14; *Davis v. Bonar*, 15 Iowa, 171; *Foulke v. Zimmerman*, 14 Wal., 113.) Where a doubt exists about a title, it is the duty of the court to remove it, and its decision in favor of the title does remove it. (*Benley v. Carter*, L. R. 4 Ch. 230; *Bull v. Hutchins*, Id. 7 Ch., 7.)

ROTHROCK, J.—There is but one assignment of error, and that is, that "the court erred in its finding or conclusion of law, that no failure or defect in plaintiff's title is established, nor any inability on his part to perform said contract of sale." In the argument of the case for appellant the first question made is, that the sale by the administratrix was void for the reason that there was no defense made for the infant by a guardian.

It will be observed by an examination of the findings of fact by the court below, that notice was properly served upon the infant, and upon her guardian; that the guardian appeared in person, both in his own behalf and in behalf of his ward; that having heard the evidence in support of the application, and no one appearing to resist the same, and it appearing that it was necessary to sell said real estate to pay the debts, the order of sale was

1. JURISDICTION: sale of infant's real estate.

accordingly made. Here was jurisdiction of the subject matter, and of the person of the infant, and the jurisdiction was properly invoked. If this proceeding be regarded as adversary, and not *in rem*, the jurisdiction of the person, so far as proper service and appearance would give jurisdiction, was complete.

Appellants, however, insist the making of a defense was a jurisdictional pre-requisite to the validity of the order of sale, and they cite Sec. 2778 of the Rev. of 1860, under which this sale was made, which provides, that "*No judgment can be rendered against an infant until after a defense by a guardian.*" And section 2893 provides, that "The guardian of an infant ⁎ ⁎ ⁎ must deny in the answer all the material allegations of the petition prejudicial to such defendant."

Without determining whether an observance of these provisions of the statute is necessarily jurisdictional in an ordinary action, we are of the opinion that, under this special proceeding, the statute authorizing which provides for no definite or prescribed form of pleadings, and in view of what appears on the face of the record in the case, that the county court had jurisdiction of the person and the subject matter, and was authorized to make the order of sale. It having been found by the court from the evidence before it, that it was necessary to sell the real estate to pay the debts, what benefit would it have been to the infant if the guardian had made an active defense? It will be observed that no default was taken against the infant, but on the contrary the application was tried and determined in the same way that it would have been if there had been an answer by guardian denying the allegations of the application for the sale. In our view there was a substantial compliance with the statute, if we concede that to be necessary, and as the matter was properly investigated, regard should be had rather to the substance than the form. The recital that "no one appeared to resist the application," taken in connection with the recital as to the hearing of the evidence, and the investigation of the case, we take to be an assertion that no counter evidence was introduced, and not that the hearing was had as upon a default.

II. It is next insisted that the purchase of the real estate in question by Henry Schleffel, the guardian, was unlawful, **2. JUDGMENT : judicial sale: purchase by guardian.** and that he by his purchase became trustee for his ward and held the land in that capacity. Schleffel paid the appraised value of the real estate in question, and there is no showing made that there was any actual fraud on his part. Whatever the rights of the infant in the real estate may have been, in view of the purchase made by her guardian, we are of opinion that those rights are determined and extinguished by the decree of the Circuit Court of Scott county made on the 2d day of December, 1873.

Appellants insist that this decree does not conclude the said Theresa, that it is not final and unimpeachable, but that it is subject to be vacated or modified at any time within one year after the minor defendant shall arrive at full age, and they cite subdivision four of Sec. 3154 of the Code, which provides for the vacation or modification of a judgment or order "For fraud practiced by the successful party in obtaining the same."

It will be observed by reference to the special findings of the court below, that Vogler at the time of his purchase had no actual notice of any irregularities in the sale. He supposed he was invested with an indefeasible title, and whatever relation, if any, he may have sustained to the infant, Theresa, was thrust upon him without his actual knowledge.

Holding this relation to the said infant, he filed his petition against her, in which he makes a full statement of the irregularities attending the sale, and of the purchase by the guardian, and asks that his title be quieted. The record shows that an answer was filed by a guardian *ad litem*, denying the allegations of the petition, and, as shown by the record, a full hearing was had, and decree made quieting title in him. It is conceded that in order that the infant defendant may avail herself of the statute above cited, it must be for some actual fraud practiced by Vogler. We are unable to concur with counsel for appellants that any such fraud has been shown.

It is insisted that the property was sold at the administratrix's sale at much less than its value, and that this fact is

apparent for the reason that Schleffel made a re-sale at a large advance. There is a direct issue made in the petition and answer, in the suit to quiet title, as to the consideration paid by Schleffel. This issue was found in favor of Vogler, and in the absence of any showing of fraud we must presume that the decree was properly rendered. Judgments and decrees against infants, as well as adults, are presumed to be valid, and titles founded thereon must be sustained, unless error or fraud be affirmatively shown.

Sec. 3154 of the Code provides that a judgment may be vacated or modified: "For error in a judgment shown by a minor within twelve months after arriving at full age," and it is insisted by appellants that there can be no specific performance decreed against them inasmuch as their title is liable to be impeached, from the fact that there is error in the decree quieting title against the infant. The weight of authority seems to be that an infant defendant is as much bound by a decree in equity as a person of full age, and he will not be permitted to dispute it unless upon the same grounds that an adult might have disputed it, such as fraud, collusion or error. Freeman on Judgments, Sec. 513, and authorities there cited.

3. ———: against infants: fraud.

Whatever may have been the practice heretofore as to giving infants a day to show cause against the operation of a judgment, we are of opinion that under our practice the right of infant defendants to attack judgments and decrees against them is fixed and determined by the statute. What, then, is "error in a judgment" shown by a minor within twelve months after arriving at full age? In our judgment, it is not error in fact, but error in the ordinary legal sense of the term, that is error in law, apparent on the record, and such as would be ground for reversal on writ of error at common law, or on appeal under the Code. It is not allowable for the infant to come in as a matter of course with a new defense, or new evidence, and try the case over again. It will be borne in mind that the subdivision under consideration gives relief for "error in a judgment." It is not for fraud practiced by the successful party.

4. ———: ———: vacation of.

This view of what is intended by the term, "*error in a judgment*," is supported by Sec. 3157 of the Code, which provides that the proceedings to vacate a judgment "shall be by petition  *   *   *   *   setting forth the *facts or errors* constituting a cause to vacate it." From this it would seem that by errors is intended such as are shown by the record.

Applying this construction of the statute to this case, what error is made to appear in the record of the proceedings to quiet title in Vogler? Error is not to be presumed, but the contrary. The evidence on which the decree quieting title was rendered is not before us, and must be presumed to have been sufficient.

We are the more ready to adopt this construction of the statute, for the reason that the whole policy of our law is opposed to hindering or impeding the alienation of property; and, as has been well said, "infants have suffered far more than they have been benefited by many of the safeguards carefully devised for their protection."

This cause has been ably and exhaustively presented in the printed arguments on both sides, and it is perhaps proper to say that there are other questions discussed by counsel which, although in our view not necessary to a disposition of the case, we would take pleasure in reviewing; but we cannot properly do so without unduly extending this opinion.

The judgment and decree of the District Court will be

AFFIRMED.