## Dahms v. Alston.

72 411|
82 191|

1. **Judgment Against Minor:** NOTICE: COLLATERAL ATTACK: LIMITA-
TION. A judgment of foreclosure was procured under which plaintiff's
property was sold to defendant. Plaintiff was a minor at the time, and
her guardian was alone named as defendant in the papers in the case,
but the original notice was duly served on her, by which she was
informed as to the nature of the proceeding; but she did not appear,
though the guardian did, and he filed an answer denying the allega-
tions of the petition. The judgment, by its terms, foreclosed the equity
of redemption of both plaintiff and the guardian. *Held* that, if the
mortgage was invalid, as plaintiff claims, she might have appeared
within a year after attaining her majority and asked to have the judg-
ment set aside, under § 3154, par. 8, of the Code, but that she could not,
after the expiration of that time, maintain a collateral proceeding
against defendant to set aside the judgment and sheriff's deed, and to
have the title quieted in herself.

*Appeal from Cedar Rapids Superior Court.*

THURSDAY, OCTOBER 6.

ACTION in equity to set aside a judgment of foreclosure,
and a sheriff's deed executed in pursuance of a sale thereun-
der, and to quiet in plaintiff the title to the real estate cov-
ered thereby. The superior court overruled a demurrer to
the petition, and, defendant electing to stand on his demurrer,
judgment was entered for plaintiff in accordance with the
prayer of the petition. Defendant appeals.

*Hubbard, Clark & Dawley,* for appellant.

*J. W. Bull,* for appellee.

REED, J.—The petition alleges that, while plaintiff was a
minor, her guardian obtained an order of the circuit court
permitting him to mortgage the premises in question as
security for $200, which he was authorized to borrow for the
purpose of making certain improvements on the premises;
that the guardian, claiming to act under the authority thus
conferred upon him, executed a promissory note for $230.30,

and gave a mortgage on the premises to secure the same; that this mortgage was never approved by the circuit court, but that a suit was instituted in the district court for the foreclosure of the mortgage, for an installment of interest on said note, and that such proceedings were had therein that a judgment of foreclosure was entered, under which the premises were sold on special execution ; and that defendant is now in possession, claiming title to the property under such sale, and the sheriff's deed executed in pursuance thereof ; but that plaintiff was not made a party to said suit, nor did she make any appearance therein.   The petition and original notice in the foreclosure suit are set out as exhibits ; also the judgment entered in that action.   It is shown by these exhibits that the person named as defendant in the action is J. C. Davis, guardian of Elizabeth Dahms.   The original notice was directed to him.   It was, however, duly served on plaintiff.   The guardian appeared, and filed an answer which put in issue the allegations of the petition.   The judgment, by its terms, forecloses the equity of redemption of both plaintiff and the guardian in the premises.   It is also shown, by the averments of the petition, that, while the foreclosure proceedings and sale of the property were had during plaintiff's infancy, she attained her majority some four years before this suit was instituted.   The grounds of the demurrer are (1) that plaintiff is concluded by the judgment of foreclosure ; and (2) that she is barred by the statute of limitations from prosecuting the action.

The important question in the case, and the one which we regard as determinative of the rights of the parties, is the one arising under the first ground of the demurrer.   As stated above, plaintiff was not named in express terms as a defendant, either in the original notice, or the petition in the foreclosure suit.   She was informed by the notice, however, that the plaintiff in the action was seeking to enforce the note and mortgage against her property.   True, the notice was directed to her guardian, but it was served upon her, and

every fact was stated in it which the statute (Code, § 2599) requires to be stated in the notice in actions of that character. By the service of the notice, the court acquired jurisdiction of her person. It also had jurisdiction of the subject-matter of the action. It had the power, therefore, to determine all questions as to the sufficiency of the pleading ; and it did determine that the petition in the cause was sufficient, and that upon its averments, and the proof adduced, the plaintiff in the action was entitled. to a judgment foreclosing plaintiff's equity of redemption in the property. The judgment, in that respect, may have been erroneous, but, as it was rendered by the court in the exercise of its proper jurisdiction, it is not void. If erroneous, plaintiff had her remedy under the statute. She could have applied to the court at any time within one year after she attained her majority for an order modifying or vacating it. (Code, § 3154, sub. 8.) But she cannot question its correctness in a collateral proceeding after the expiration of that time, which is the form of the present proceeding ; and, as the judgment cannot be questioned at this time, it is conclusive as to all matters which might have been pleaded in defense in the action in which it was rendered. We think, therefore, that the superior court erred in overruling the demurrer, and the judgment will accordingly be

REVERSED.