A. C. TAYLOR, Appellant, v. M. C. McARTHUR *et al.*; Appellees.

Special Administrator: LIABILITY OF SURETIES. Where a special administrator of an estate is afterwards appointed executor thereof, and at the time of his appointment and qualification as executor he is in possession of all the property which came into his hands as special administrator, the sureties on his bond as special administrator can not be held liable for his subsequent misappropriation of such property, though he fails to make a report to the court as special administrator, accounting for the property received by him as such, as by law he ought to do.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTHE, Judge.

MONDAY, JANUARY 23, 1893.

ACTION on the official bond of a special administrator. There was a trial by the court and a judgment in favor of the defendants. The plaintiff appeals.— *Affirmed.*

*A. H. Stutsman*, for appellant.

*A. M. Antrobus* and *C. L. Poor*, for appellees.

ROBINSON, C. J.—On the sixteenth day of August, 1887, R. A. Taylor died testate. His will made his

widow, the plaintiff, sole beneficiary of his estate, which consisted of a drug store, and life insurance policies to the amount of four thousand, two hundred dollars. The will provided for the appointment of the plaintiff as executrix, and J. W. Jenkins as executor, of the estate. On the third day of September, 1887, Jenkins was appointed special administrator, and gave the bond in suit to secure the faithful discharge of the duties of the office. It was executed by himself and the defendants, M. C. McArthur and J. W. Price. Jenkins, as special administrator, sold the drug store on the fifth day of September, 1887, for the sum of two thousand, six hundred and forty-six dollars and fifty-four cents, receiving in payment one thousand dollars in money, and promissory notes for the remainder. The will was admitted to probate on the twenty-seventh day of September, 1887, and on that day the plaintiff was appointed executrix, and Jenkins executor, of the estate; but it is claimed by the plaintiff that no property ever came into her hands as executrix, and that Jenkins continued to hold and manage the property of the estate; that proceeds of the drug store and life insurance to the amount of six thousand, eight hundred and forty-seven dollars and sixteen cents were received by him as special administrator, of which one thousand, five hundred dollars have never been accounted for as provided by law. Judgment for the amount not accounted for is demanded. The defendants deny that Jenkins failed to account for any of the money or other property he received, and claim that, if he did fail to make a proper accounting, it was for property received by him as executor, for which they are in no manner responsible, and not for property received as special administrator.

The material facts which the district court was authorized to find established on the trial are as follows: Jenkins, as special administrator, received the proceeds

of the sale of the drug store, as stated, but the money
paid on account of the life insurance was received by
him, as executor, in October and November, 1887. He
made no separate report of his proceedings as special
administrator; but on the fifteenth day of October,
1889, he filed a report which purported to contain a
full account of his official transactions in connection
with the estate from September 3, 1887, and to be final.
In it he was named as administrator. The plaintiff
filed objections to the report, which were heard by the
district court. The hearing resulted in an order ren-
dered on the fifteenth day of April, 1890, in which
Jenkins was named as special administrator, and which
found that there was due from him, as such adminis-
trator, the sum of one thousand, seventy-one dollars
and forty-three cents. The order required him to pay
that sum to the plaintiff, and provided when such pay-
ment was made he should be discharged as special
administrator. In January, 1891, the defendants
applied to the court for an order amending the report
of Jenkins, and the order of April 15, 1890, by strik-
ing therefrom the words "administrator" and "special
administrator" where they occur, and inserting in lieu
thereof the word "executor." Objections to that
application, made by the plaintiff, were overruled; and
the order last mentioned, so far as it found that
Jenkins had accounted as special administrator, and so
far as it directed him in that capacity to pay to the
plaintiff the sum therein named, was set aside, with
leave to the plaintiff to show the amount, if any, due
from Jenkins as special administrator. The testimony
on the part of the plaintiff in regard to the property
she had received from Jenkins, and the claims against
the estate which he had paid, is not clear or satisfac-
tory. She admits having received a certificate of
deposit for two thousand dollars, and various sums, to
the amount of one thousand and two hundred dollars,

which she at first claimed was on account of the insurance; five hundred dollars, the source of which she does not know; and a note for six hundred and forty-six dollars and forty-six cents. But on cross-examination she admits she does not know the source from which Jenkins obtained any of the money she received. The only definite showing as to receipts and payments on account of the estate is contained in the report of Jenkins. That shows payments to the amount of less than one hundred dollars made by him prior to September 28, 1887. The objections made by the plaintiff were directed to payments which the report claimed had been made to her, amounting to one thousand, one hundred and ten dollars, and which she denied having received. But the first of those payments was dated December 12, 1887, when Jenkins was acting as executor. Therefore the sureties on his bond would not be responsible for any of them.

It is insisted by the appellant, with much earnestness, that, although Jenkins' authority as special administrator ceased when he was appointed executor, yet his liability as special administrator remains, and will remain until he has made a proper accounting. It is undoubtedly true that he should have made a report of his proceedings as special administrator, accounting fully for the property which had come into his hands as administrator; but, if he did in fact make a proper disposition of such property, he and the sureties on his bond are not liable for his failure to make a formal report showing such disposition. It having been shown that he received certain property as special administrator, the burden is on him to account for it. The proper method of doing that was by an official report, duly approved by the court, but in the absence of that the fact may be shown by any competent evidence; the burden of proof as to that issue being upon defendants. The report of October 15, 1889, and certain vouchers

which accompanied it, including bank checks, tended to show that the property in question was in the possession of Jenkins when he was appointed executor, and that the deficit in his accounts, if one exists, occurred though misappropriation of funds made after that time. If that was the case, the sureties on his bond as special administrator would not be liable for the deficit.

Some objection is made to the report and vouchers as evidence, but we are of the opinion that, under the facts of this case, they were properly received. The plaintiff had made formal objection to certain items of the report, thereby admitting, by implication, that in other respects it was correct; and the items objected to were dated after the special administration had ceased. Some of the vouchers tended to show payments to the plaintiff, and others tended to show the dates of the misappropriation of the funds.

It is apparent that there was censurable want of formality in the manner in which the affairs of the estate were settled, but we are of the opinion that the evidence justified the district court in finding that the property in question passed into the possession of Jenkins as executor, and that there is nothing for which his sureties as special administrator are liable. AFFIRMED.