REINSURANCE LIFE COMPANY OF AMERICA, Appellee, v. CHARLES P. HOUSER, Administrator, et al., Appellants.

No. 39888.

OCTOBER 15, 1929.

*Purley Rinker*, for appellants.

*Stipp, Perry, Bannister & Starzinger* and *H. E. Valentine*, for appellee.

MORLING, J.—Decedents, husband and wife, died intestate, leaving 160 acres, incumbered by a mortgage of $7,000. The administrator of both estates applied to the proper district court for an order to mortgage the 160 acres for $9,000, for the purpose of paying the existing mortgage and "miscellaneous and personal debts in the sum of $2,000." Service of notice in due form was accepted by the adult defendants, who, in their acceptance of service, consented "that, upon the hearing, the prayer of said application may be granted." There was one minor heir, upon whom, and upon whose guardian, service was made in due form, and who answered by guardian ad litem. The court found that it was necessary to borrow approximately $9,000, to pay debts, charges, and costs, and authorized the administrator to borrow that sum of the Security Loan & Investment Company of Des Moines, and to execute note and mortgage therefor. The mortgage was accordingly executed, and money received and used in paying the existing mortgage and other debts, and administrator's report approved. This mortgage came into the hands of the plaintiff. Part of it has been paid from the proceeds of 80 acres of the land, and this suit is brought to foreclose upon the other 80 for the unpaid portion. One 40-acre tract of the land now in question was the homestead of decedents at the time of their death. The defendants are the heirs, and rely upon Section 3327, Code of 1897 (Section 11940, Code of 1927), which provides:

"If the court is satisfied that it will be for the best interest of the estate that the real estate shall be withheld, it may, upon the application hereinbefore provided for, order the executor or administrator to borrow money thereon, and execute a note or notes in the name of such officer, secured by mortgage on any real estate belonging to the estate not exempt as a homestead, to secure the payment thereof, and with the proceeds pay the debts shown in the statement set out in the application, and report his action therein to the court."

Appellants say:

"There is just one question involved in this case, and that question is, Did the district court have jurisdiction of the subject-matter? Appellant says, 'no,' because Section 11940, Code of

1924, specifically denies the right of the court and executor to sell a homestead for the purpose of paying debts * * *"

For the purpose of the point here made, a court has jurisdiction of the subject-matter if, under the law defining its power and jurisdiction, it has authority to hear and determine the general class of causes or proceedings to which that in question belongs. If the court has authority to determine the cause at all, it has authority to determine it wrongfully, as well as rightfully, and the decision, if wrongful, may be corrected only by direct proceedings to that end. *Read v. Howe,* 39 Iowa 553, 559; *Stanley v. Noble,* 59 Iowa 666; *Sigmond v. Bebber,* 104 Iowa 431; 15 Corpus Juris 729, 745, *et seq.* The district court is expressly invested by statute with power to determine whether the real property of the decedent shall be mortgaged for the purpose of paying debts. While the statute limits this power to real estate "not exempt as a homestead," the power to determine whether or not the real estate sought to be mortgaged is, in whole or in part, exempt as a homestead, and whether the interests of the parties before the court are subject to the power to authorize the mortgage, is necessarily conferred on the court. These questions inhere in the application for authority to mortgage and in the proceedings thereon. The proceedings are adversary, and necessarily involve the question whether the real estate and the interests of the adversary parties therein and their position before the court are such that the property may be so mortgaged. The court had jurisdiction of the subject-matter. *Stanley v. Noble,* 59 Iowa 666; *Garvin v. Hatcher,* 39 Iowa 685; *Read v. Howe,* 39 Iowa 553; *Mead v. Mead,* 39 Iowa 28; *Bickel v. Erskine,* 43 Iowa 213; *Tyrrell v. Shannon,* 147 Iowa 184; *Boyles v. Boyles,* 37 Iowa 592; *Good v. Norley,* 28 Iowa 188. If the court was in error in determining that the land and the interests of these defendants in it were such that the land could be mortgaged for the payment of decedents' debts, the remedy was by proceedings to vacate the judgment, or by appeal, and not by this collateral attack. *Sigmond v. Bebber,* 104 Iowa 431; *Stanley v. Noble,* 59 Iowa 666; *Read v. Howe,* 39 Iowa 553; *Voorhees v. Jackson ex dem. Bank of United States,* 10 Pet. (U. S.) 449. The person of the minor defendant was within the jurisdiction of the court. Defense in her behalf was made, and the decree as against her, subject to her right

to apply for a new trial for error of law (Code of 1927, Section 12787 *et seq.*) was final, and as binding upon her as if she were an adult. *Bickel v. Erskine*, 43 Iowa 213; *Dahms v. Alston*, 72 Iowa 411; *Buchan v. German American Land Co.*, 180 Iowa 911; *In re Estate of Kempthorne*, 188 Iowa 70; 31 Corpus Juris 1166; 34 Corpus Juris 990.

It is *res adjudicata* that the land in controversy was liable to mortgage for the debts for which the court ordered it mortgaged, and that the title of the defendants is subject to the mortgage.—*Affirmed.*

ALBERT, C. J., and EVANS, STEVENS, DE GRAFF, and WAGNER, JJ., concur.