H. T. FAITH, Appellant, v. THE NATIONAL CASUALTY COMPANY, Appellee.

No. 45439.

174

APRIL 8, 1941.

REHEARING DENIED SEPTEMBER 26, 1941.

Carl V. Burbridge and Roy E. Havens, for appellant.

Swarr, May & Royce and Tamisiea & Tamisiea, for appellee.

WENNERSTRUM, J.—The plaintiff is County Auditor of Harrison county, Iowa, and in that capacity brought an action against the defendant Company who was surety on the bond of Victor

F. Johnson, the former guardian of his wife, Hattie E. Johnson. Plaintiff seeks to recover from the surety the amount expended by the county for the care of the ward in one of the state hospitals for the insane.

This action was tried as a law action, but a jury was waived. At the conclusion of the presentation of all the evidence a motion for judgment against plaintiff was sustained by the court. Judgment was thereafter entered against the plaintiff. He has appealed.

Hattie E. Johnson has been a person of unsound mind for a number of years. Victor F. Johnson, her husband and former guardian, was appointed as such guardian on or about September 4, 1924, and continued to act in that capacity until June 28, 1937. Marjorie Hammer and Everest W. Johnson are a daughter and son of Victor F. Johnson and Hattie E. Johnson and are their only children. The controversy which has occasioned this litigation develops by reason of a difference of opinion as to the extent and purpose of a certain order that was entered in the guardianship proceedings on April 7, 1933. This order is in part as follows:

"It appearing to the court from the evidence introduced upon the hearing of this matter that a claim has been filed by Harrison County, Iowa in this guardianship for the care and support of the ward herein at the Iowa State Hospital for the Insane at Clarinda, Iowa, in the amount of $2093.51, it is, therefore, ordered that the guardian be and he is hereby expressly ordered and directed to make payment of said claim as rapidly and speedily as the condition of the funds in this guardianship will warrant and permit."

The occasion for the inclusion of the particular portion of the order quoted was by reason of a statement included in an objection filed by Marjorie Hammer to a report filed by Victor F. Johnson, guardian. In this objection it is stated:

"That the said ward has been and is now committed to the State Hospital for the Insane of Clarinda, Iowa, and that the expense of the said commitment and expense of the care of said ward in said Hospital to December 31, 1931, is $2,093.51, which

said amount is a charge against the estate of the said ward and should be paid and an order should be made requiring the said Guardian to apply the money in his hands to the payment of said claim, which said claim is held by Harrison County, Iowa.''

It should be here stated that, as shown by the record, no formal claim at the time the order of April 7, 1933, was signed, had been filed by Harrison county, Iowa, and that no claim was filed by Harrison county in the guardianship proceedings prior to the 2d day of August, 1935. At that time the county claimed the amount due for the care of Hattie E. Johnson was $2,436.19. Thereafter an amended and substituted claim was filed by the county on June 20, 1939. The record does not disclose that any of these claims have been presented to the court for approval, allowance or consideration. And no action in relation to these claims has been taken except as has developed in this particular proceeding.

A review of the record as to the relation of the defendant to this case shows that it became surety on the bond of Victor F. Johnson on July 18, 1934. On the 21st day of October, 1936, Victor F. Johnson, the guardian, filed a report dated October 1, 1936, covering the period since July 11, 1934. In said report he states:

''This Guardian further shows the Court that he is filing a personal bond in the sum of three thousand ($3,000.00) dollars, in the said Guardianship, in lieu of the present surety company bond, (the bond furnished by the defendant), with sureties on the new bonds of Everest W. Johnson and Marjorie Hammer, who are the children of this ward and of this Guardian, said new bond to be in substitution of all bonds heretofore filed of record in said proceedings. That attached to this Report is the waiver of all persons interested in said Guardianship, waiving notice of the Hearing of the said Report, consenting that the same be approved and that the former sureties on the bonds of this Guardian be released and exonerated.''

On October 20, 1936, Victor F. Johnson, the husband of the ward, and also Everest W. Johnson and Marjorie Hammer, the children, signed a written waiver of notice of hearing of annual

report last referred to and the same was filed October 21, 1936. This written waiver of notice is as follows:

"The undersigned, Victor F. Johnson, Marjorie Hammer and Everest W. Johnson, being the husband and the children, respectively, of Hattie E. Johnson, incompetent, do hereby each for himself and herself, expressly approve, ratify and confirm the said Annual Report of Victor F. Johnson, Guardian of Hattie E. Johnson, incompetent, dated October 1, 1936, together with all of the acts and doings as therein shown, hereby expressly waiving notice of the Hearing of the said Annual Report, consent that the same may be approved by the Court and that Order of Court may be entered of record as therein prayed. And the said Victor F. Johnson, Marjorie Hammer and Everest W. Johnson, for good and valuable consideration to them paid, receipt of which is hereby acknowledged, do hereby each for himself and herself, hereby release and discharge all sureties on any and all bonds of the said Victor F. Johnson, as such Guardian, heretofore filed of record in the said Guardianship, and consent that Order of Court may be entered, releasing, discharging and exonerating any and all sureties on any and all bonds of the said Victor F. Johnson, Guardian of Hattie E. Johnson, incompetent, heretofore filed of record in the said guardianship."

On October 31, 1936, an order was signed and filed in the Harrison county district court relative to this report, which in part states:

"* * * the Court further finds that the said Guardian has duly given notice of the time and place of Hearing thereon by mailing a Notice thereof to the said Hattie E. Johnson, incompetent, at the Clarinda State Hospital at Clarinda, Iowa, and that acceptance of service for and on behalf of the said ward has been duly made by R. D. Smith, Superintendent of the said Hospital, under date of October 5th, 1936, as provided by law; * * *. The Court further finds that attached to the said Annual Report aforesaid is the Waiver of Notice of Hearing of the said Annual Report, consent that the said Report may be approved, and that Order of Court may be entered as therein prayed, and consent that the former sureties on the bonds of the said Guard-

ian may be released and discharged, duly signed by Victor F. Johnson, husband, and Marjorie Hammer and Everest W. Johnson, children, respectively of the said ward, Hattie E. Johnson, being the only persons interested in the said Guardianship. * * *.

"It is further Ordered, Adjudged and Decreed by the Court, that the Detroit Fidelity and Surety Company, The National Casualty Company, C. Peterson and D. N. Hardy, former sureties on the bonds of the said Victor F. Johnson, Guardian of Hattie E. Johnson, incompetent, and any and all other former sureties and any and all other former bonds, be, and the same are hereby released, discharged and exonerated from any liability by reason thereof and all of the said bonds are hereby Ordered released, discharged and cancelled of record."

At the time of the filing of the report, above referred to, it showed a cash balance on hand of $1,480.50.

The provisions of the bond signed by the defendant Surety Company are in part as follows:

"If said principal will as such guardian render a true account of his office and of his doings therein to the proper authority, when required thereby or by law; and will promptly pay over to the person or officer entitled thereto, all money which may come into his hands by virtue of his said office; and will promptly account for all balances of money remaining in his hands at the termination of his office; and will exercise all reasonable diligence and care in the preservation and lawful disposal of all money, books, papers and securities, or other property appertaining to his said office and deliver them to his successor or to any other person authorized to receive the same, and will faithfully and impartially, without fear, favor, fraud or oppression, discharge all of the duties now or hereafter required of his office by law the surety on this bond to be liable for all money or property that may come into the hands of said principal at any time during his possession of said office; then this bond to be void, otherwise in full force."

It is shown by stipulation, that, during the time the defendant Surety Company was on the bond of Victor F. Johnson, guardian, that said guardian made no payments to Harrison county, Iowa,

covering the expense of the ward at the state hospital. The evidence is almost all of a record nature, said records covering the files in the guardianship proceedings now under review.

██ ██ As previously stated and as shown by the evidence presented in this law action Harrison county has never had its claim allowed in the probate proceedings. Counsel for the plaintiff contend that the portion of the order of April 7, 1933, constitutes an adjudication of this question. It is our conclusion that this contention is without merit. It is incumbent upon the plaintiff to show that the claim of the county has been duly and properly allowed. The fact that the guardian has made other expenditures which have been approved by the court subsequent to the time of the order which authorized the guardian to pay Harrison county does not necessarily, in this proceeding, make the guardian or his surety liable for failure to pay the county. Before a surety on the guardian's bond can be held liable there must be a showing that the guardian has not properly accounted for the funds and that there has been a loss to the guardianship. This conclusion is supported by our holding in the case of Baitinger v. Elmore, 208 Iowa 1342, 1345, 227 N. W. 344, 346, where we said:

"* * * In order to recover, not only must the duty of the guardian and the breach be shown, but resulting loss must appear. * * *"

██ This has not been shown in this case. It is further contended that the plaintiff is not in a position to make the complaint that he has, inasmuch as he is attacking an order in a proceeding in which he was not an adverse party. The county, or the County Auditor acting for it, was in no way a party to the proceedings which prompted the order authorizing the payment to the county. The county and its officials are in no position now to make complaint. This order is not subject to collateral attack. In the case of Barney v. Chittenden, 2 (Greene) Iowa 165, 177, this court said:

"* * * So far as administration is concerned, both of real and personal estate, the probate courts have, by our statute, the complete original jurisdiction. Though this court may be held, as an inferior tribunal, of limited power, being by the statute con-

fined in its jurisdiction to the cognizance and judicial adjustment of the estates of decedents; nevertheless, its judgments, orders and decrees, made within the scope of its specific powers, as prescribed by the statute, are to be regarded as conclusive against collateral attack, when jurisdiction has attached, as to the parties and the subject matter.''

'Attention is also called to the case of Reinsurance Life Company v. Houser, 208 Iowa 1226, 227 N. W. 116, which comments upon the question of collateral attack.

It is therefore our holding that inasmuch as plaintiff has in no way shown that there has been a loss in the guardianship and that there has been a breach of the conditions of the bond, the plaintiff, is not in a position to now claim and it has not shown that the guardian has failed to properly account for the funds of this guardianship. Therefore the surety cannot be held liable in any amount in this proceeding.

The attitude and actions of the two children who were subsequent sureties on their father's bond is a matter for consideration in connection with this whole case. One phase of the evidence, which should be here noted, is the stipulation that was entered into on the 20th day of June, 1939, between H. T. Faith, County Auditor, and Marjorie Hammer, guardian of Hattie E. Johnson, the ward herein. This stipulation was filed in the guardianship proceedings after an application had been made by the county to require the guardian to sell real property to pay the claim of Harrison county. In said stipulation it is agreed:

''That said County Auditor aforesaid will institute proceedings against the National Casualty Company, the surety on the bond of Victor F. Johnson, guardian, dated July 18, 1934, and filed on July 24, 1934, to recover the amount due Harrison County, Iowa, for the breach of said bond by said Victor F. Johnson, guardian, the principal, and will use reasonable efforts to enforce said collection.''

It will be observed that the plaintiff is seeking to collect from the surety rather than to force the guardian to seek recourse on the real estate to pay the claim. It should also be observed that the evidence shows that Victor F. Johnson has been removed

as guardian on the application of Everest W. Johnson. Victor F. Johnson is now also a patient at the hospital for the insane at Clarinda. No report has been filed on behalf of him as guardian. Except as to statements made in the application for removal, the status of his guardianship accounts is not known.

A further side light on this case shows that Marjorie Hammer and Everest W. Johnson who were later sureties on the bond of Victor F. Johnson have received from Victor F. Johnson an assignment and transfer of all his right, title and interest and expectancy, if any, in and to his share in any property belonging to Hattie E. Johnson in event of her death. It is apparent from all these proceedings that the said Marjorie Hammer and Everest W. Johnson are endeavoring to relieve themselves of any responsibility in connection with their obligations as later sureties in this guardianship proceedings and are seeking to show a claimed breach of the prior bond without showing any loss by the guardian. They are apparently seeking to obtain personal relief through this action brought by the County Auditor of Harrison county.

We hold that the trial court was correct in entering judgment against the plaintiff and in favor of the defendant. The district court is therefore affirmed.—Affirmed.

HALE, C. J., and SAGER, MITCHELL, MILLER, BLISS, STIGER, and GARFIELD, JJ., concur.