WEIR & RUSSELL LUMBER COMPANY et al., Appellees, v. MAE B. KEMPF et al., Appellants.

No. 46392.

FEBRUARY 8, 1944.

X. C. Nady and Richard C. Leggett, both of Fairfield, for appellants.

Harold McLeran, of Mount Pleasant, for appellees.

GARFIELD, J.— Defendant Mae B. Kempf owned Lots 6, 7, 8, 9, and 10, Block 5, College First Addition to Mount Pleasant. On April 4, 1939, she and her husband made a note for $2,000, secured by the mortgage in suit covering these lots, to the Insurance Plan Savings & Loan Association. Thereafter, plaintiff partnership, engaged in the lumber business, furnished the Kempfs certain building materials for the erection of a garage and turkey plant on the east eighty-four feet of the five lots. The remaining portion of the lots, the west sixty-six feet, was and is the homestead of the Kempfs. Plaintiff's verified statement of the materials, amounting to $1,140, and claim for mechanic's lien against all the lots were filed in the office of the clerk of the district court on June 21, 1940. Later, plaintiff brought suit in equity to foreclose its mechanic's lien. The Kempfs, the savings and loan association, M. N. Kempf, who held a junior mortgage for $1,000 dated June 26, 1940, on Lots 9 and 10, and certain other junior lienholders were made parties to the suit. Decree establishing and foreclosing the mechanic's lien against the east eighty-four feet of the lots was entered in that case (No. 3483) on June 17, 1941. Sheriff's sale of the east eighty-four feet, under special execution issued in No. 3483, was held on July 26, 1941, and plaintiff bid in the property for $1,000. No appeal from the decree in No. 3483 was prosecuted.

On January 29, 1942, the Kempfs were delinquent in excess of $185 in their monthly payments on the first mortgage to the savings and loan association, which was threatening foreclosure. Plaintiff thereupon paid the association the $1,634 owing on its mortgage and took an assignment of it. The assignment recited that it was the intention of the parties the note and mortgage should not merge with plaintiff's interest in the real estate. On January 30, 1942, plaintiff started the suit now before us to foreclose the mortgage against the homestead portion (west sixty-six feet) of the lots. While this suit was pending, the year of redemption expired on the execution sale of the east eighty-four feet in the mechanic's-lien foreclosure, and sheriff's deed to that portion was issued to plaintiff on July 29, 1942.

In the present suit Mae B. Kempf and husband contend that since the mortgage was a first lien on all of the lots plaintiff

should be required first to sell the nonhomestead east eighty-four feet (which it owned under its sheriff's deed) and could resort to the homestead, west sixty-six feet, only after exhausting the nonhomestead part. The trial court, however, rejected defendants' contention and foreclosed the mortgage against the homestead without requiring resort to the nonhomestead portion. The propriety of this determination is the question presented on this appeal.

Plaintiff contends the decree below is warranted by the adjudication in the prior mechanic's-lien foreclosure. The terms of the prior decree in No. 3483 are therefore important here. That decree provides that the mortgage (then held by the savings and loan association) is prior and superior to plaintiff's mechanic's lien, but contains the following upon which plaintiff relies in the case at bar:

"The Court further decrees that the Plaintiff shall have the right to protect its interest in the real estate foreclosed upon herein, against the mortgage held by the Insurance Plan Savings & Loan Association in the event of a default on the part of the defendants, Glen Kempf and Mae B. Kempf or their assigns in the terms and conditions of the said mortgage * * *. That in the event of default in the terms of said mortgage, the Plaintiff shall have the right to advance any sums of money necessary to satisfy the terms and conditions of the said mortgage [or to perform any other conditions of said mortgage] in order to protect the Plaintiff's right in the real estate foreclosed upon herein, without further notice to the said defendants, and in the event the Plaintiff advances any money or performs any conditions in order to satisfy the said mortgage, the Plaintiff shall be given a lien upon the real estate of the defendant, Mae B. Kempf, hereinafter described, which lien shall be perfected by the Plaintiff filing an itemized and sworn statement of the money so advanced, or the conditions performed, in the office of the Clerk of the District Court of Henry County, Iowa, which shall be entered by said Clerk in the All Liens Docket, against the said defendants and against the said real estate, the said real estate of Mae B. Kempf being described as follows: to-wit: The West 66 feet of Lots six, seven, eight, nine

and ten, all in Block five, College First Addition to the City of Mt. Pleasant, Iowa.

"The Plaintiff shall also be subrogated to all of the rights and privileges of the defendant Insurance Plan Savings & Loan Association in the event that the Plaintiff should at any time take over the mortgage of the said defendant Insurance Plan Savings & Loan Association."

I. It is no doubt generally true, as defendants contend, that the homestead may be sold on execution "only for a deficiency remaining after exhausting all other property pledged by the same contract for the payment of the debt." Section 10155 (2), Code, 1939. Ordinarily, the homestead is only secondarily liable where it and other property are covered by an encumbrance. Bissell v. Bissell, 120 Iowa 127, 132, 94 N. W. 465.

It is also well settled, where it is not stipulated to the contrary, that a purchaser under foreclosure of a junior lien acquires only the interest of the debtor and the land is charged with primary liability for payment of the prior lien. The purchase by him of such prior lien will not ordinarily avoid the primary liability of the land therefor. In the absence of some other equitable consideration, it is generally held that a purchase by him of the prior lien amounts to its payment and extinguishment. Hult v. Temple, 201 Iowa 663, 668, 208 N. W. 70, 46 A. L. R. 317, and annotation 322, 329; Wright v. Anderson, 62 S. D. 444, 253 N. W. 484, 95 A. L. R. 81, and annotation 89, 104.

Were it not for the provisions of the decree in the mechanic's-lien foreclosure, plaintiff would be held to have taken into account, in fixing the amount of its bid at the execution sale in that case, the fact that the mortgage was a primary lien on the nonhomestead portion which plaintiff acquired and that it should be resorted to before the homestead could be taken to satisfy the mortgage. Moore v. Olive, 114 Iowa 650, 656, 87 N. W. 720. And see authorities last above.

II. From the foregoing it appears that if it were not for the terms of the decree in No. 3483, defendants' contention here would have merit. What is the effect of that decree? Unquestionably it is binding upon all parties thereto, including defendants. Ottumwa Boiler Wks. v. O'Meara & Son, 208

Iowa 80, 224 N. W. 803. This is not an appeal from the decree in No. 3483. The propriety of that decision is not before us. Reinsurance Life Co. v. Houser, 208 Iowa 1226, 227 N. W. 116;. Brenton State Bank v. Heckmann, 233 Iowa 682, 7 N. W. 2d 813, 815; 31 Am. Jur. 414, section 28.

It is suggested that the terms of the decree in No. 3483 were not within the issues in that case and that the priority of the mortgage was conceded by the parties. We think, however, the decree was not outside the issues and that no such concession appears. Plaintiff's petition in the mechanic's-lien foreclosure· alleged that its "Mechanic's Lien is prior and superior to the lien of the mortgage * * * as to the garage and turkey plant, but as to the rest of the real estate * * * this Plaintiff admits that the mortgage * * * is superior to the Mechanic's Lien * * *." The petition asked foreclosure of the mechanic's lien against all of the lots and that "Plaintiff have such other and further relief as may be equitable." The answer of the Kempfs alleged the homestead character of the west sixty-six feet and that it was not subject to the mechanic's lien. As stated, the decree granted foreclosure against the east eighty-four feet only.

The collateral attack now made upon the decree in No. 3483 cannot be sustained. The decree is not void and is not subject to collateral attack for mere errors or irregularities. The relief granted was not beyond the prayer of the petition nor the scope of its allegations. Mahaffa v. Mahaffa, 230 Iowa 679, 684, 298 N. W. 916, 919; Reinsurance Life Co. v. Houser, 208 Iowa 1226, 227 N. W. 116; Rathbun v. Baumel, 196 Iowa 1233, 1243, 191 N. W. 297, 30 A. L. R. 216; 31 Am. Jur. 185, 186, section 587; id. 413, section 26; id. 414, 415, section 28; id. 416, section 29. Reinsurance Life Co. v. Houser, supra, was a mortgage foreclosure where the owners contended·there could be no resort to the homestead because of a statutory provision. The contention was rejected because of a prior adjudication.

III. Did the trial court in the case at bar properly construe the terms of the decree in the mechanic's-lien foreclosure? We think it did. By that decree, plaintiff was given "the right to protect its interest in the (east 84 feet) against the mortgage * * * in the event of a default on the part of defendants" by advancing any sum necessary to satisfy the mortgage. For such

amount plaintiff was given a lien upon the west sixty-six feet and was to be subrogated to all rights of the mortgagee.

In construing a decree, the intent of the court must be determined, as gathered from all parts of the instrument. Sutton v. Schnack, 224 Iowa 251, 257, 275 N. W. 870; 30 Am. Jur. 834, section 31. We think the court intended the decree in No. 3483 to have the effect which plaintiff claims for it. True, it might well have been more specific and more clearly have reflected the court's intent. Effect must be given, however, to that which is clearly implied as well as to that which is expressed. 30 Am. Jur. 834, section 31; 34 C. J. 501, 502, section 794.

A judgment should have a reasonable construction. 34 C. J. 501, 502, section 794. It is not a reasonable construction of the decree that plaintiff should be required, upon acquiring the mortgage, first to sell the eighty-four feet which it had already purchased before resorting to the west sixty-six feet upon which the decree gave plaintiff a lien. Plaintiff would not thereby be protecting its interest in the east eighty-four feet as the decree provides. Nor would plaintiff thereby be given an effectual lien on the west sixty-six feet, as the decree seems to contemplate. To accept defendants' contention would, in effect, not only relieve defendants from paying for the building materials but would compel plaintiff to credit on the mortgage the amount to be realized from the sale of the east eighty-four feet, enhanced in value by the improvements for which plaintiff furnished the materials.

If fairly possible, a judgment should be so construed as to give effect to all its provisions. 30 Am. Jur. 835, section 31; 34 C. J. 501, section 794. The effect of defendants' argument is that the provisions of the decree upon which plaintiff relies are meaningless and the rights of the parties should be fixed wholly without regard thereto. Defendants concede in argument, however, that by the decree the court "attempts to create an additional lien on the exempt property and to release the non-exempt property from the lien of the mortgage."—Affirmed.

All JUSTICES concur.