N. E. McManus, administrator of estate of Elizabeth M. John-
son, deceased, and Lee County, appellants, v. Richard O.
Sears, individually and as guardian of Elizabeth M.
Johnson, a person of unsound mind, and Western
Surety Company, appellees.

## No. 50307.

(Reported in 109 N.W.2d 630)

Jᴜɴᴇ 13, 1961.

─

E. J. McManus, of Keokuk, for appellant N. E. McManus.

Smiths & Dickey, of Keokuk, for appellees.

Gᴀʀғɪᴇʟᴅ, C. J.—The question presented is whether there was a breach of the bond of defendant Sears as guardian of decedent, Elizabeth M. Johnson, resulting in loss to the guardianship, for which plaintiff as administrator of Elizabeth's estate may recover from the surety on the guardian's bond. The trial court held no such breach or loss was shown and denied relief. We affirm the decision.

There is no dispute in the material facts. They appear mainly from admitted allegations in the pleadings and stipulation of the parties. Trial was to the court without a jury.

The case is an aftermath of Ward v. Sears, 247 Iowa 1231, 78 N.W.2d 545, which set aside probate of the will of Elizabeth M. Johnson wherein her entire estate was bequeathed to defendant Sears and he was nominated executor without bond. Plaintiff, subsequently appointed administrator of Elizabeth's estate, seeks to recover from the surety on Sears' bond as Elizabeth's guardian the difference between the money that came to Sears as executor and the amount he turned over to plaintiff, plus about $600 rent received by Sears from realty devised to him under the will. It seems to be conceded the difference referred to is about $5100.

March 26, 1953, Sears was appointed guardian of the person and property of Elizabeth M. Johnson on her own application under section 670.5, Code, 1958. He filed a guardian's bond in the sum of $10,000 with defendant Western Surety Company as surety. April 2, 1953, Elizabeth executed the will previously mentioned, leaving her entire estate to Sears and naming him executor without bond. April 29 (1953), Elizabeth died. May 8 the will was admitted to probate and Sears was appointed executor without bond. On the same day, plaintiff's petition in the present case alleges, Sears as guardian paid and delivered to himself as executor and he as executor acknowledged receipt from himself as guardian of $11,618 cash and $8650 in bonds. It is not claimed the amount of cash or bonds was insufficient. On the same day, it is alleged, the court discharged Sears as guardian and exonerated his bond.

On the trial it was stipulated these alleged facts are true. March 18, 1955, in the action to set aside probate of the will, the order of May 8, 1953, and all subsequent proceedings in the estate, including all acts of Sears as executor, were annulled and he was ordered to deliver to the administrator of Elizabeth's estate all assets of the estate which have come into his hands as executor. Ward v. Sears, supra, 247 Iowa 1231, 78 N.W.2d 545, affirms this judgment of March 18. The present petition, filed November 13, 1956, alleges, and it is admitted, Sears is insolvent. There is no showing, however, he was insolvent on May 8, 1953, when as guardian he accounted to himself as executor and was discharged as guardian.

The conditions of the guardian's bond are substantially those set out in section 64.2, Code, 1958 (see also section 64.4). They require the guardian to render a true account of his office and doings to the proper authority, to promptly pay over to the person entitled thereto all money and deliver all securities to anyone authorized to receive them, and make the surety liable for all money or property that may come to the guardian during his possession of his office.

The trial court held there is no question Sears as guardian fully accounted to himself as executor for all money that came to him as such guardian, there was no loss to the guardianship,

the loss was in the estate. Sears evidently used the $5700 which plaintiff seeks to recover on the guardian's bond sometime after May 8, 1953. So far as shown he did so in the belief the entire estate went to him under the will.

In view of the admitted allegations of plaintiff's petition to the effect Sears as guardian properly accounted to himself as executor, we think the trial court must be affirmed.

■ Before a surety on a guardian's bond may be held liable, breach of the bond and resulting loss to the guardianship must be shown. Faith v. National Casualty Co., 230 Iowa 173, 179, 297 N.W. 287, 290, and citation; In re Guardianship of Johnston, 230 Iowa 891, 897, 299 N.W. 393, 395, 396.

This case is much like Taylor v. McArthur, 87 Iowa 155, 54 N.W. 228, but less strong for plaintiff. There one Jenkins was appointed special administrator and later an executor of a decedent's estate. He filed no final report as special administrator but it was otherwise shown the property in his hands as such official came to him "when he was appointed executor, and that the deficit in his accounts, if one exists, occurred through misappropriation of funds made after that time." We held "If that was the case, the sureties on his bond as special administrator would not be liable for the deficit" (page 159 of 87 Iowa, page 229 of 54 N.W.).

In re Guardianship of Johnston, supra, 230 Iowa 891, 896, 299 N.W. 393, 395, repeats the language just quoted. There a guardian, upon the death of his ward, was appointed executor of her estate without bond and turned over to himself as executor more than $8800 of guardianship funds which he later misappropriated. By a divided court we held the surety on the guardian's bond was not liable for the misappropriation. The dissenting opinion emphasizes the fact the guardian was financially irresponsible and at the time of the transfer of funds had embezzled $1800 from two other estates of which he was administrator, which fact he fraudulently concealed from the court. No such situation exists here. The Johnston dissenting opinion concedes "ordinarily where a guardian becomes executor of the estate of a deceased ward and properly takes over the assets formerly held by him as guardian, the guardian's bondsman is

not liable for subsequent misappropriations" (page 900 of 230 Iowa, page 397 of 299 N.W.).

Plaintiff attempts to distinguish the Johnston decision on the ground that here Sears was sole beneficiary under the will of his ward. Although there is this distinguishing fact it seems clear the claim against the Johnston guardianship bond was considerably stronger than plaintiff's claim here.

In cases of this kind the vital question seems to be whether assets in the hands of a fiduciary in one capacity are in actual existence at the time they are transferred to himself in a second fiduciary capacity in which he is entitled to hold them. If so his bond as the first fiduciary is ordinarily not liable for a subsequent misappropriation. Where, however, no property or fund to transfer existed and the fiduciary was insolvent and unable to restore it, no transfer can be regarded as having taken place so as to relieve the bond given by him in his first fiduciary capacity. Re Guardianship of Snyder, 224 Wis. 200, 272 N.W. 1, 111 A. L. R. 261, and annotation 267; Re Kincaid's Guardianship, 138 Ore. 554, 6 P.2d 212, 78 A. L. R. 567; 25 Am. Jur., Guardian and Ward, section 191; 39 C. J. S., Guardian and Ward, section 202f, pages 364, 365; Woerner, American Law of Guardianship, section 102, page 344.

We have tried to make clear that since the cash and bonds held by Sears as guardian were paid and delivered to himself as executor and receipt therefor acknowledged, with court approval, and the misappropriation subsequently occurred, the surety on the guardian's bond is not liable therefor. It is not a case where a successor fiduciary receipted to himself for nonexistent assets.

Plaintiff has argued the loss to decedent's estate was conceived, commenced and occurred during the guardianship by a fraudulent scheme of the guardian to secure execution of the will making him sole beneficiary of the estate and executor without bond. It is sufficient to say such claim was not pleaded or established in evidence. One count of plaintiff's petition alleges Sears procured Elizabeth's signature to the will by fraudulently misrepresenting to her the nature of the instru-

ment. No evidence was offered in support of the allegation. Any finding that the loss to the estate was conceived and occurred during the guardianship by a fraudulent scheme such as is now argued would be based on speculation and conjecture. —Affirmed.

All JUSTICES concur.