## MEAD v. MEAD ET AL.

1.  **Dower:** RELINQUISHMENT OF: MORTGAGE. Where the wife has joined in the execution of a mortgage, a foreclosure and sale thereunder, after the death of her husband, will discharge the land of her dower. Following *Moomey v. Maas*, 22 Iowa, 380.

2.  ———: ———: SALE BY ADMINISTRATOR. Where an administrator, under the provisions of the statute, has applied to the court and obtained authority to sell land upon which rests a mortgage in which the wife joined, such sale will have the same effect as one made on special execution in a foreclosure proceeding to which she has been made a party, and the purchaser takes the land discharged of dower.

3.  ———: ———: ———. The omission to file the notes and mortgages against the estate, is supplied by the application of the administrator to the court for authority to sell, he thereby admitting them to be just and due.

*Appeal from Delaware Circuit Court.*

FRIDAY, JUNE 19.

ACTION for the admeasurement of damages. Judgment for plaintiff for dower in part of the lands in which the same is claimed. Plaintiff appeals. The essential facts of the case are found in the opinion.

*G. Watson*, for appellant.

*C. E. Bronson*, for appellees.

MILLER, CH. J.—On the trial of the cause before the court, it was found that on the 25th day of Feb uary, 1867, Milton E. Mead was owner in fee of the south half of the northwest quarter, and the southwest quarter of the northeast quarter of section 15, in township 89, range 5, west, in Delaware county; that on that day the said Milton E. Mead and one C. W. Mead each borrowed of Mathews & Cornwell the sum of $400, and executed their joint and several promissory note therefor, payable two years thereafter with interest; that to secure the payment of said note, the said Milton E. Mead and Rosetta F. Mead, his then wife, together with C. W. Mead and wife, executed and delivered their mortgage deed conveying the above described real estate of the said Milton E. Mead, together with certain real estate therein described belonging to the said C. W. Mead, in which mortgage said Rosetta relinquished her right of dower to said lands belonging to her husband; that the $400, borrowed by said Milton E. Mead, was expended in payment of part of the land mortgaged; that after the execution of the note and mortgage said Rosetta F. Mead, wife of said Milton, died, leaving surviving her said Milton E. Mead and three minor children; that afterwards, on the 19th day of September, 1867, said Milton E. Mead, intermarried with the plaintiff herein. On the 17th day of February, 1869, said Milton E. Mead and C. W. Mead each borrowed of said Mathews & Cornwell the further sum of $600, making their note for $1200, payable February 17, 1870, with interest. To secure the payment of this note, the said Milton E. Mead and his then wife, the plaintiff, and the said C. W. Mead executed another mortgage upon all of the lands covered by the first mortgage, except forty acres, and upon certain lands belonging to said C. W. Mead; that Milton E. Mead died, September 25, 1870, leaving the plaintiff, his widow, and the said minor children, his heirs at law. The notes and mortgages have not been filed against the estate, but on the 14th, day of April, 1873, C. W. Mead, the duly appointed administrator of the estate, commenced proceedings in the Circuit Court, asking to be authorized to sell said mortgaged lands or so much thereof as was necessary to pay off the one-half of

the said mortgage debts, to-wit: one thousand dollars, with interest thereon; that an order directing such sale was duly entered by the court at the May term, 1873; that on the 17th day of October, 1873, said land was sold in pursuance of said order for the sum of $1,250, the same being sufficient to pay the sum due on the mortgages from the estate of said deceased. The sale and deed were, at the January term, 1874, approved and confirmed. The plaintiff now brings this action to recover dower in the lands thus sold. The Circuit Court held that she was not entitled thereto, but gave her dower in the lands of which her husband died seized which were not included in the mortgages.

The statute respecting the right of dower is as follows: " One third in value of all the real estate in which the husband at any time during the marriage had a legal or equitable interest, which has not been sold on execution or other judicial sale, to which the wife has made no relinquishment of her right, shall, under the direction of the court, be set apart by the executor, administrator, or heir, as her property in fee simple on the death of her husband, if she survive him." Sec. 1, of Chap. 151, Laws of 1862.

It will not be claimed that if these mortgages had been regularly foreclosed by action in court prior to the death of 1. DOWER: re- the mortgagor, and the land sold under such for-
linquishment
of: mortgage. closure, the wife could claim dower therein after his death. And why so? Because as to part of the land she had relinquished her dower, and as to the whole it would have been sold on execution, and under the statute she would not be entitled to dower. Would the result be different if a regular foreclosure and sale had occurred after the death of the mortgagor? We think not. The mortgages were each executed in due form, the wife of the mortgagor at the time of the execution of each mortgage united therein and relinquished her dower in the mortgaged property. The liens of the mortgages were not alone on the interest of the mortgagor. It was upon the whole interest, including the dower interest of the wife, and capable of being enforced, either before or after the death of the mortgagor, against the entire

interest in the lands covered by the mortgage. This is as true in respect to the lands included in the first mortgage as it is as to those in the second. The rights of the mortgagee were not affected by the death of the mortgagor. His right to subject the entire interest in the mortgaged premises is as complete after the death of the mortgagor. Why? Because the wife had relinquished her dower or subjected it to the lien of the mortgage. The object and purpose of procuring the wife's relinquishment of dower in the case of a mortgage is so that the whole interest in the property may be subjected to the payment of the mortgage debt, and for this purpose that it may be sold and a clear title vested in the vendee. It has therefore been held that, where the wife has joined in the mortgage, she will be barred of her dower by foreclosure and sale thereunder, made after the death of her husband. *Moomey v. Maas*, 22 Iowa, 380.

We can see no reason why the same effect is not to be given to the mortgages where the land has been sold, as in this case,

2. ——: ——: by the administrator in pursuance of the orders of the court, as when the sale is made on special execution in a foreclosure proceeding. The proceedings in this case were authorized by the statute (Revision, §§ 2374 to 2388); there is no claim that they were not regular and fair. It is not the kind of proceedings instituted to bar dower that has that effect, but the relinquishment by the wife gives the mortgagee, through the means of the courts, power to subject it to sale for the payment of the debt. Of course, a relinquishment of dower in property mortgaged is not absolute like a relinquishment of dower in an absolute conveyance. In the former case the right of the wife to redeem from the lien of the mortgage to the extent of one-third exists until extinguished by some judicial proceeding having that effect. A sale under a foreclosure to which the widow had been made a party would render the relinquishment absolute. *Moomey v. Maas, supra*. So we think, in the proceedings in this case the sale, and approval thereof, and confirmation of the deed, by the court, if regular, and with notice to all persons interested in the land, as the law provides, the plaintiff is

as much bound thereby as if there had been a sale under a decree of foreclosure to which she had been made a party.    As before remarked, it is not claimed that there was any irregularity in the sale, or that the plaintiff did not have due notice thereof and an opportunity to redeem before the sale was consummated.    The mortgagees could have brought their action to foreclose, and obtained a judgment and a sale of the land on execution, which would have completely barred the widow's dower in the lands included in the mortgages.    The prooceedings which were adopted are equally authorized by law, and there is no reason why they should not have equal force and effect.

It is urged that there was no authority to make the order of sale because the claims had not been formally filed against the estate.    When the administrator made application to the court, for authority to sell the land for the payment of these mortgages, he thereby recognized and admitted the claims as being just claims against the estate, whether they were formally filed or not; but even if this filing was necessary, the objection cannot be urged now by a party who had an opportunity, as we must presume the plaintiff had, to object before the order of sale was made.

The judgment of the Circuit Court will be

AFFIRMED.