STANLEY ET AL. v. NOBLE ET AL.

1. **Administrator:** SALE OF REAL ESTATE: PETITION FOR: JURISDICTION. In a petition by an administrator *de bonis non* for leave to sell real estate to pay debts, the allegations that no personal property had come into his hands, and that there were debts remaining unpaid, were a sufficient compliance with the provisions of section 2375 of the Revision. (Code, § 2388.) Whether such compliance was necessary to give the court jurisdiction of the cause, *quere?*

2. ——: ——: ——: ——. The law confers upon ·the probate court jurisdiction over the subject-matter of such applications; and where the petition was entertained and a sale consummated thereunder, the court must have determined that the petition was sufficient, and the correctness of such determination cannot be questioned in a collateral proceeding.

3. ——: ——: NOTICE: JURISDICTION. Under section 2376 of the Revision, which provides that before any order can be made for the sale of real estate to pay debts of decedent, "such notice as the court may prescribe must be given to all persons interested in such real estate," *held* that the court had jurisdiction to determine that the notice and the service thereof were sufficient, and that such determination, though erroneous, cannot be attacked in a collateral proceeding.

4 ——: ——: LIMITATION OF TIME: JURISDICTION. The question whether an application by an administrator to sell real estate to pay

debts was made in due time is not jurisdictional in its nature. Though the court should have rejected the application as being too late, the error did not render the proceedings and sale void for want of jurisdiction. It should have been corrected on appeal, and cannot be collaterally attacked.

### *Appeal from Dallas Circuit Court.*

#### SATURDAY, OCTOBER 21.

THE plaintiffs are the heirs at law of Adam Rickett, deceased, and brought this action to recover certain real estate belonging to the said Rickett at his decease. The defendants claim to own the real estate in controversy, their title being based on a conveyance by the administrator *de bonis non* of the deceased. The court found in favor of the defendants and dismissed the petition. The plaintiff appeals.

*A. R. Smalley,* for appellant.

*White & Wooden* and *Nourse & Kauffman,* for appellee.

SEEVERS, CH. J.—I. Adam Rickett died intestate in 1857. Mary Rickett, his widow, shortly after his death was appointed administrator of the estate. She resigned in 1865, and one Abbot was appointed administrator *de bonis non.* He filed a petition asking leave to sell the real estate for the payment of debts. Such a sale was ordered, and the deed to the purchaser approved by the court in 1866. The defendant claims under such conveyance the case can be best disposed of by considering the objections made to such title. It is conceded by counsel for the appellants, if the probate court had jurisdiction when the sale of the real estate was ordered, the title of the defendants cannot, at this late day, be set aside in this collateral proceeding.

1. ADMINISTRATOR: sale of real estate: petition for: jurisdiction.

It is said an application to sell real estate by an administrator can only be made after a full statement of all claims against the estate, and after rendering a full account of the

disposition of the personal estate. Rev., § 2375. To say the least, it is doubtful whether this is a jurisdictional question. *Cooper v. Sunderland*, 3 Iowa, 114; *Morrow v. Weed*, 4 Id., 77. But waving this point, it appears quite satisfactorily from the record that it was alleged in the petition asking an order to sell, that no personal estate had come into the hands of the administrator *de bonis non*, and also that there were debts remaining unpaid. This, clearly, was sufficient under the statute; the petition in other respects being sufficient to invoke and give the court jurisdiction of the subject-matter.

II. Conceding the court had jurisdiction of the subject-matter, it is said that it did not have jurisdiction of the plaintiffs, because they were not named in the petition. The petition was entitled as follows: "W. S. M. Abbot, adm'r *de bonis non* of the estate of Adam Rickett, deceased, vs." etc. Petition to sell land.

"The unknown heirs of said estate."

This was followed by allegations as to the subject-matter. In *Read et al. v. Howe et al.*, 39 Iowa, 553, the court said: "The subject-matter is within the jurisdiction of the court. That the law confers. This jurisdiction is called into exercise by the filing of a petition and the service of a notice. The court, of necessity, must determine the sufficiency of the petition." The court determined the petition to be sufficient, and this determination cannot be attacked in this collateral proceeding. Besides this, how are we to know that the statement that the heirs were unknown was not all the plaintiff could truthfully state. It is said the record of the court at least showed the name of the widow of the deceased. But this is immaterial, as it was for the court to determine whether the heirs were unknown. In the ruling made, the court may have committed a grave error, but its jurisdiction was in no manner affected thereby. It is suggested no guardian *at litem* was appointed for the defendants. The conclusive reply to this is, there is no evidence in the record tending to show they were minors.

III. It is objected the notice is insufficient to give the court jurisdiction: Because, *first*—it means a different decedent. The notice described the deceased as Adam "Ricketts." The name of the deceased, in some places in the record, is spelled thus: "Ricket;" in others, "Rickett;" and in the petition to sell, and notice, "Ricketts." In the order of the court directing notice to be given, the name is spelled as "Ricket," and also as "Ricketts." Under these circumstances, we think the designation of the deceased in the notice was sufficient. The second objection to the notice is that no land is described therein, and the third that it is directed to no defendant by name. The notice was directed to "the heirs and legal representatives" of said estate, and did not describe specifically any land, but stated application had been made to sell the land belonging to the estate. The statute then in force provided the notice should be such as the court may prescribe, and must be given to all persons interested in the real estate. Revision, § 2376.

In *Shawhan v. Loffer*, 24 Iowa, 217, the notice was directed: "To all interested in the estate of Benj. P. Shawhan," and such designation of the defendants was held sufficient upon the principle well stated by Beck, J., as follows: "If it appears there was a notice, though defective, or the service thereof be imperfect, neither in strict compliance with the directions of the statute, and the court determined in favor of the sufficiency of such notice and service, which is shown upon the record, even though such determination was erroneous, the judgment of the court will not be held void in a collateral proceeding; it is competent for the court to determine the sufficiency of the notice and service." Now, in the case at bar, the court ordered "due notice to all concerned of the pendency of the petition" should be given, and in relation thereto the court found and entered of record: "And it appearing to the satisfaction of the court that service of notice of the pendency of this application has been made

pursuant to the direction of this court heretofore made," etc. Here is found an express determination of the sufficiency of the notice and service thereof. Under the rule announced in *Shawhan v. Loffer*, and the authorities there cited, such determination is conclusive, and cannot be attacked in a collateral proceeding.

IV. The order of sale was made nine years or more after the death of Adam Rickett, and we are aware of the ruling in

**4. ——: ——:** *McCrary v. Tasker*, 41 Iowa, 255. But that was limitation of time: jurisdiction. an appeal from the decision of the court refusing to make the order. It was made, therefore, in a direct proceeding. Here the question is whether the court had the jurisdiction and power to make or refuse an order to sell, and not whether it was erroneous. To our minds the question whether the order was made in due time is not jurisdictional, but at most simply erroneous.

AFFIRMED.