C. P. SPURGIN, Administrator, Appellee, v. R. S. BOWERS, Appellant.

82   187<br>
126  658<br>
82   187<br>
d134  684

1.   **Estates of Decedents:** SALE OF REAL ESTATE: NOTICE.   Where upon the application of an administrator an order in probate has been made for the sale of real estate for the payment of the claims of creditors of the estate, such order will not be deemed invalid because notice of said application was not served upon one claiming an undivided one-eighth interest in said property through one of the devisees.

2. ——— : ——— : ———. Such a sale is only voidable, and is not subject to collateral attack.

3. ——— : ——— : ——— : QUIETING TITLE. The defendant, as a creditor of one of the devisees, having sold under execution, and received a deed to the undivided one-eighth interest of the lands in controversy, *held*, that the administrator of the estate was entitled after obtaining the above order of sale to have the interest of the defendant under said deed declared junior and inferior to the interest of the creditors of said estate.

*Appeal from Marion District Court.*—HON. J. H. HENDERSON, Judge.

THURSDAY, FEBRUARY 5, 1891.

EDWARD Murray was unmarried and died testate on June 25, 1887, possessed of real and personal property. A provision of his will is in words as follows: "I give and bequeath to Ezra Murray, my fourth son, one-eighth of my estate." Ezra Murray was a non-resident of this state and indebted to the defendant on a promissory note. On July 20, 1887, the defendant commenced a suit in the district court of Marion county on the note against Ezra Murray, and aided the same by attachment, by virtue of which the supposed interest of Ezra in his father's real estate was attached. The service by which the court took jurisdiction was by publication only. There was no appearance by Ezra, and upon final hearing a judgment was entered for the amount of the note, one hundred and twenty-nine dollars and thirty-eight cents, with costs and attorney's fee. There is a controversy as to the character of the judgment, whether personal or *in rem*, but for the purposes of the case it will be regarded as the latter. By regular course "the interest of E. D. Murray" (Ezra) was sold on execution to the defendant, and with the expiration of redemption a deed was obtained. On September 5, 1887, the plaintiff was appointed administrator of the estate of Edward Murray, and on September 25, 1887, he filed his petition in the district court of Marion county for an order to sell all the lands of which Edward Murray died seized for the payment of

the debts of the estate.    Due and legal notice was given
of the pendency of the application to all parties inter-
ested in the real estate, except the defendant, as to
whom no service was attempted.    On January 14, 1888,
upon default entered of all the parties served with
notice, an order was made for the sale of the real estate
as prayed.    This action is brought by the plaintiff to
cancel the conveyance to the defendant, and declares
his lien or interest therein junior and inferior to that of
the creditors of the estate, on the ground that the con-
veyance operates as a cloud upon the title, because of
which plaintiff is unable to sell the same and give title
thereto.    The objection to such a decree will be con-
sidered in the opinion.    The district court gave a decree
for the plaintiff, and the defendant appeals.—*Affirmed.*

*L. Kinkaid,* for appellant.

*Jas. D. Gamble,* for appellee.

GRANGER, J.—The answer to the petition and the
arguments in the case by appellant present very many
objections to the decree of the district court.    Having
in view one fact that should be without dispute, and we
may be aided much to a speedy conclusion, which is,
that the claim of Ezra Murray, and hence of the defend-
ant, to the land is secondary to that of the plaintiff for
the benefit of the creditors.    The claim of appellant is
not to any specific portion of the land, but to an undi-
vided one-eighth.    The order of the court was not to
sell a specific part, but the whole.    The contention of
the appellant is not that the order for sale is inoper-
ative as to the interest he claims, but as to the whole.
He makes certain denials, and then, by affirmative alle-
gations, questions the correctness of the proceedings of
the probate court; such as that all persons in interest
were not served with notice; that the petition did not
contain a statement of all the claims against the estate;
that the executor did not render a full account of the
disposition made of the personal effects of the estate;

that the order was made without jurisdiction of all persons interested in the land; and that the administrator had not admitted or approved the claims against the estate, etc.; and asks relief as follows: "Wherefore, the defendant asks that said order directing said executor to sell said lands be canceled and set aside, together with all proceedings thereunder; and further asks that said executor be estopped from paying or recognizing the said claims filed against said estate as valid debts against said estate; and defendant further asks for costs of suit." With the conceded fact at the outset that the claim of the appellant must yield to that of the creditors in a proceeding that is legal and regular, and with the fact unquestioned that the probate court has determined that legal reasons for the sale in the interest of creditors exist, and in pursuance thereof ordered the sale, we come to consider the reasons why the order should be set aside or decreed void; for such is the effect of sustaining the objections or granting the relief asked by defendant.

I. It is true that no service of notice was made upon the defendant. Can he, for that reason, even if

1. ESTATES of decedents: sale of real estate: notice.

entitled to notice, obtain such relief in this proceeding? Certainly not. The probate proceeding is not void. Many considerations forbid a rule that would declare proceedings in the settlement of an estate void for a failure to obtain notice upon one of several parties having some interest in the real estate. If the appellant claimed a paramount title to the land, and his land was being appropriated to the interest of others, a different question would arise. In the probate proceeding the appellant could no more than have contested a legal necessity for the sale. Considerations of controlling importance require that in matters of this kind parties entitled to and not receiving notice should assail the orders of the court directly, and seek an opportunity to show cause why the order should be set aside. Such a rule is in the interest of the speedy and fair settlement of estates. The other rule would be obstructive in its operation, with no good

results, and is opposed by sound public policy. No precedent for such interference with the orders of a probate court is known to us, nor do we think one is to be found.

II. This is a collateral proceeding. *Bunce v. Bunce*, 59 Iowa, 533; *Dahms v. Alston*, 72 Iowa, 411.

2. THE same.    The objections to the regularity of the proceedings by which the order was obtained, as that the petition did not specify what it should; that there was not a proper accounting as to the personal effects of the estate; and that accounts were not properly admitted and approved, etc.—cannot be considered in this proceeding to avoid the order. The order is not, as we have said, void. At best it is but voidable, and the rule is familiar that collateral proceedings are not available to assail such a judgment or order. The effect of the objections, if considered in this proceeding and sustained, would be to transfer the right to determine when the real estate of a pending estate should be sold to pay debts from the probate court to a court of equity. Every remedy that could be available to the defendant in this proceeding is available in the proper court and proceeding for the determination of such questions. We may assume that a party entitled to and who has not received notice of an application for such an order at any time when a hearing could be of avail would, upon application, by suitable action of the court be granted a proper hearing. From these considerations we hold that the order for the sale of the land is valid, and should be carried into effect.

III. The district court declared the conveyance of the land to defendant under the attachment proceedings

3. —:—:—:    void and of no effect. Of course, this decree
quieting title.    is of no greater force than to declare it of no effect as against the right of the plaintiff to appropriate the land to the payment of debts in the proper manner, and that the title to the land, under sale by him, could not be affected because of any right of the defendant. This is all that is sought by the plaintiff, and it is all the decree designs. This was really the

situation of affairs without this proceeding. The defendant, considering the purchase by him as legal, stands only in the place of Ezra Murray, whose interest would be one-eighth of what remained after the settlement of the estate by a proper application of the property. This proceeding was necessitated because of doubts in the minds of would-be purchasers as to the validity of the title, because of the unwarranted claims of defendant, so far as the facts can now be known. The defendant, in the interest of advancing the settlement of the estate, could have contested the validity of the order by a direct and proper proceeding, or have conceded the right of sale by the administrator. The failure to do either rendered action by the administrator necessary to adjust the title, that a sale might be had, and the settlement of the estate concluded. In our consideration of the case we have not followed the course indicated by appellant's argument, and have left without consideration many questions that we think unimportant to a correct conclusion.

The decree of the district court should be and is AFFIRMED.