DR. W. W. SOUTHWICK et al., Interveners, Appellants, v. HENRY A. STRONG et al., Plaintiffs, Appellees; NETTIE STRONG, Defendant, Appellee.

No. 42512.

June 23, 1934.

W. T. Bennett, for appellants.

Roy L. Pell, for appellees.

CLAUSSEN, C. J.—S. R. Strong died owning about 38 acres of land in Marshall county. He was 92 years of age at the time of his death. He died intestate leaving a widow and a number of adult children surviving him. Administration was not taken out on his estate. This action was begun for the purpose of partitioning the land. In due time the widow was allotted a part of the land, including that part upon which the buildings were situated, as her distributive share of her husband's estate, the shares of the surviving children in the remainder of the land were established, and such remainder was sold. Before the proceeds of the sale of the land were distributed, interveners filed separate petitions of intervention asking that claims for medical services rendered by them to decedent be established as liens against the land. The trial court found the land to have been decedent's homestead and dismissed the petitions of interveners. Interveners appeal. No complaint is made of any of the proceedings except the action of the trial court in finding that the property was the decedent's homestead and in dismissing interveners' petitions.

The appeal raises two questions: First, was the real property decedent's homestead? and, second, was the property exempt from . interveners' demands in the hands of the widow .and children?

■  I.  The record reveals that the decedent had lived upon and farmed the land in question until four or five years before his death. The tract embraced less than 40 acres of land, and was, at one time, decedent's homestead. Shortly before leaving the farm he sustained fractures of one or more ribs. These fractures required frequent medical attention. In order that he might be closer to his doctor, he and his wife, whom he had married in 1923, moved to town and occupied a house belonging to his wife's son. He left his live stock and implements upon the farm in care of a son, to whom he rented the land. The record establishes without dispute that at the time the decedent moved off the land he intended to return to it as soon as he recovered from his injury, and that he never abandoned such intention. In this situation the land did not lose its homestead character. Maguire v. Hanson, 105 Iowa 215, 74 N. W. 776;  Schaffner v. Campbell, 198 Iowa 43, 199 N. W. 334;  Rand Lumber Co. v. Atkins, 116 Iowa 242, 89 N. W. 1104;  Boot v. Brewster, 75 Iowa 631, 36 N. W. 649, 9 Am. St. Rep. 515.

■  II.  The widow was entitled to take one-third in value of the tract of land in question as her dower or distributive share. Code section 11990. She was entitled to have her share set off so as to embrace the buildings. Code section 11992. Such share passed to her free from decedent's debts. Mock v. Watson, 41 Iowa 241; Kendall v. Kendall, 42 Iowa 464;  Wild v. Toms, 123 Iowa 747, 99 N. W. 700. The tract of land set off to her as her distributive share was not subject to interveners' claims.

■  III.  The part of the land which was not set off to the widow passed under Code section 12016, to the children of the decedent. The homestead is only subject to the debts of the owner when made so by special declaration of the statute. Code section 10150. There is no special declaration in the statute which permits the homestead to be sold for the payment of debts of the owner, when the owner is survived by a spouse or leaves issue. It is provided by Code section 10155, subsection 4, that the homestead may be sold, "if there is no survivor or issue, for the payment of any debts to which it might at that time be subjected if it had never been held as a homestead." In this situation it seems clear that, when an intestate homestead owner is survived by a spouse, or by

438

issue, or by both spouse and issue, the homestead property cannot be subjected to the debts of the deceased owner. Swisher v. Swisher, 157 Iowa 55, 137 N. W. 1076; In re Estate of Guthrie, 183 Iowa 851, 167 N. W. 604.

There is no error in the decree of the trial court, and it is affirmed.—Affirmed.

ALBERT, MITCHELL, ANDERSON, and DONEGAN, JJ., concur.