C. H. GIBERSON, Appellant, v. EARL HENNESS, Administrator de bonis non, C. S. HENNESS, Intervenor, Appellees.

No. 42868.

FEBRUARY 5, 1935.

Thoma & Thoma, for appellant.

Richard C. Leggett and Simmons & Simmons, for appellees.

ANDERSON, C. J.—The plaintiff-appellant alleges that he made a written contract with the appellee Earl Henness, as administrator, for the purchase of a certain 40-acre tract of land in Jefferson county, Iowa; said contract providing for a merchantable title. The plaintiff asks for a rescission of the contract and a return of the purchase money paid because of the failure of the vendor to furnish "merchantable title" in accordance with the contract, and also bases his right to recover upon a claimed oral agreement on the part of the vendor to return the purchase price in the event that he failed to make a merchantable title. The appellant claimed that the appointment of the appellee, Earl Henness, as administrator *de bonis non* of the estate of Francis M. Wireman was unauthorized and illegal, and also that the proceedings in the probate court under such appointment for the sale of the real estate in question were *irregular and unauthorized, and that the probate court acted without* jurisdiction in appointing the administrator *de bonis non* and in ordering and approving the sale of the real estate in question upon the application of such administrator. The administrator by way of defense pleads the regularity and legality of the proceedings questioned, and also contends that appellant's action is a collateral attack upon the judgment and orders of the probate court. There was a trial to the court resulting in an order and decree finding against the plaintiff and dismissing his petition, and he prosecutes this appeal.

The material facts pertinent to a decision of the case in this court are not in serious dispute. It appears that the title to the land involved rested in Francis M. Wireman; that Wireman died, leaving a will in the first item of which the testator declares:

"It is first my will and desire that all my just debts be paid, and then a suitable and proper memorial slab or monument erected over my last resting place."

The will further devises the entire residue of the estate to the widow during her natural life, and provides further that upon the decease of his widow the entire estate should vest in his three children, Bertha Aldridge, James M. Wireman, and Ada L. Wireman, share and share alike, during the term of their natural life, and after their death the estate should vest and become the absolute property of their heirs.

This will was admitted to probate and the wife qualified as executor on the 2d day of February, 1920. The executor filed her final report on the 6th day of September, 1921, which was approved by the court, and the executor discharged. It appears without dispute that the provisions of the will as to the procurement and erection of a proper memorial or monument over the grave of Francis M. Wireman was not complied with. Some time prior to the commencement of the proceedings here in question, the widow of Francis M. Wireman departed this life. In January, 1931, Ada L. Henness, formerly Ada L. Wireman, daughter of the decedent, filed in the probate court a petition for the appointment of an administrator *de bonis non* upon the estate of Francis M. Wireman, alleging that the estate had not been fully administered, that there were charges against his estate which had not been paid, and that there was property in the estate undisposed of. An order was entered by the court fixing a time for hearing said petition for the appointment of an administrator *de bonis non*, and prescribing that notice thereof be had by posting. Such notice was posted in accordance with the order of the court and return of such service filed in the proceedings. The notice was directed to the three children of the deceased by name and also to the children of such named parties and to all who might have or claim an interest in the estate of Francis M. Wireman, deceased. Said application for appointment of administrator *de bonis non* came on for hearing before the court on the day fixed therefor, and a guardian *ad litem* was appointed by the court for all minor and incompetent heirs and devisees and for unborn and unknown heirs and devisees of said decedent. An answer was filed by such guardian *ad litem*, and upon hearing on the petition Earl Henness, the appellee herein, was appointed by the court as administrator *de bonis non* with will an-

nexed. Later the administrator so appointed filed in said proceedings an application for authority to sell the real estate here in question for the purpose of carrying out, and complying with, the provisions of the will in regard to the erection of a monument, alleging that such was a charge against said estate and against the real estate involved, and that there were no other assets belonging to said estate. An order was entered by the court fixing time for hearing and prescribing notice be given on said application, and pursuant to such order the administrator gave such notice by posting. This notice was directed or addressed to the three named heirs of the decedent and also to their children in existence and unborn and to all unknown heirs and all persons interested in said estate of said deceased. On the date fixed for hearing the application a guardian *ad litem* was appointed and filed answer for all minor, incompetent, and unknown defendants or persons interested in said estate, and, after hearing upon said application, the court entered an order authorizing the administrator to sell the certain real estate herein involved, being a 40-acre tract in Jefferson county, Iowa. In accordance with the order, appraisers were appointed and made appraisement fixing the value of the property at $2,800. Subsequently thereto the contract in question in this case was entered into by and between the said administrator and C. H. Giberson, the plaintiff-appellant. This contract provided for the sale of the real estate described to Giberson for and in consideration of $3,300, and that a proper conveyance should be executed and delivered to the purchaser, together with an abstract showing merchantable title in the administrator. The plaintiff then demanded the return of the purchase price, and, upon a refusal of the administrator to make such return, this action was instituted; the plaintiff, claiming that the abstract of title did not show a merchantable title in accordance with the provisions of the contract, and that in addition thereto the administrator had orally agreed to return the purchase price if the abstract did not show a merchantable title.

There is a dispute in the record as to any agreement to return the purchase price; the plaintiff alone testifying to such an agreement, and the administrator and another witness testifying that there was no such agreement.

The burden was on the plaintiff to prove such agreement and it must be held he has failed to sustain such burden, and that he

cannot recover on such theory. Whether or not he could recover on such oral agreement, in any event, we do not decide.

It is apparent from the foregoing statement that the other questions involved and that are necessary to be determined on this appeal are whether or not (1) the proceedings for the appointment of the administrator *de bonis non* were without authority and void.; (2) whether the proceedings for the sale of the real estate by the administrator were irregular and without authority or jurisdiction; and (3) whether the proceedings involved can be attacked ·in a collateral proceeding.

It would seem that the case of Crossan v. McCrary, 37 Iowa 684, and other cases cited hereafter, answer all of the contentions of the plaintiff-appellant in this action and furnish authority for the appointment of an administrator *de bonis non* as was made in the case at bar and authority for the proceedings for the sale of the real estate involved. In the above-cited case original administration was had upon the estate in 1859. Final report and settlement was approved and the administrator discharged in 1865. In 1872 an administrator *de bonis non* was appointed for the purpose of selling certain real estate to pay debts of the estate. No notice of the application for such appointment was had upon the devisees or heirs of the estate. They did have notice, however, as to the application for an order to sell the property, and to this they appeared and moved to vacate the appointment of the administrator *de bonis non*. The grounds for their motion to vacate were practically the same as is argued upon the part of the appellant in the present case. They contended that the court had no authority to make the appointment, and that section 2357 of the Revision of 1860 (now section 11891) was a limitation upon the authority beyond the five-year, period. In determining this question, this court, speaking through Chief Justice Beck, said:

"Surely, the power of the court to make a second appointment does not depend upon jurisdiction to be newly acquired by proper application, etc., though that may be necessary to call into exercise such authority. The court having jurisdiction of the estate 'may do all things necessary for its proper administration and settlement, and, to this end, may appoint such administrators as· are authorized by law and necessary to the discharge of its probate powers. It cannot be said that, in the case of the appointment of the second administrator, *administration* is then assumed by the court over the

estate. It was possessed and exercised before, and such an appointment is simply made in discharge of proper authority. This view is rendered indisputable by the use of the word 'originally', in the section quoted. It is obvious that the administration, management, which is limited to five years after the death of the decedent, is that which is first assumed. If other administration is to be exercised by the court, it is not within the words of the provision and, as is clearly seen by the considerations above expressed, not within its spirit."

The opinion further continues:

"It is next claimed that the estate was finally settled, and that there was a judgment of the court to that effect, which is conclusive, not having been reversed or modified by proper proceedings. It is unnecessary to inquire as to the effect of such a settlement or as to the conclusiveness of a record thereof, in the proper court."

The court then inquires into the question as to the settlement of the estate, and recites that there was property in the estate undisposed of, and that charges against the estate were not fully paid. The court then continues:

"Under these circumstances the court could not have found that the estate was settled. The settlement and order of record, however, is this: The administrator, Ogden, made a final report and settlement, and was discharged. This was nothing more than a report of his transactions in the management of the estate and the settlement of his accounts pertaining thereto. * * *

"The estate being unsettled, debts thereof remaining unpaid and property undisposed of, and the first executor having been discharged, it was the court's duty to appoint another to manage its affairs, to complete the work left by the first administrator unfinished. The administrator *de bonis non* was therefore lawfully appointed."

The cited case has not been overruled or modified and has been cited with approval by this and other courts, and we hold that the appointment of the administrator *de bonis non* in the present case was within the authority of the court.

Complaint is made by the appellant that the petition for such appointment was insufficient in substance, for the reason that it did not contain a full statement of the condition of the estate—

its property and its debts. The record in the probate proceedings disclosed that there was no personal property at any time in the estate. The record also disclosed that there was real property undisposed of, and that there was a definite charge against the estate created by the terms of the will of the decedent which had not been settled or disposed of in any way. We are of the opinion that the petition or application for the appointment of the administrator *de bonis non* was sufficient in form and substance. It was so held by the probate court when such court made the appointment.

Complaint is also made that the probate court did not acquire jurisdiction of the heirs, devisees, and persons interested in the estate because it is not shown that notice was served upon them, and particularly because it is not shown that they were all made parties by name either in the application for appointment or in the notice for the hearing thereon. As indicated in the Crossan-McCrary case, supra, no notice was necessary. However, it is the universal holding of the courts that, where a notice is necessary, if it appears that a notice was served, but that it was defective in form or substance or that the service thereof was imperfect, when the court determines the sufficiency of such notice and the service thereof, even though such determination is erroneous, the proceedings will not be held void in a collateral proceeding. It is competent for the court to determine the sufficiency of the notice and service, and, if such determination is erroneous, it can only be corrected by appeal. In Shawhan v. Loffer, 24 Iowa 217, which case was an action brought by one of the heirs of an estate to set aside an administrator's sale, the court had this question under consideration, and in disposing of it used the following language:

"Admitting, that the heirs should have been made parties by name, and that the notice should have been so addressed to them, yet, as the sufficiency of all the proceedings was determined by the County Court in the final order or decree, the objection cannot be urged in this collateral action."

In Stanley v. Noble, 59 Iowa 666, 13 N. W. 839, which was an action brought by an heir to recover an interest in certain real estate which had been sold by an administrator *de bonis non*, many of the questions here raised by the appellant were determined. In that case it was contended that the application for an order to sell the real estate did not contain a full statement of all claims against

the estate nor a showing as to the disposition of the personal property, and this court, in disposing of the question, said that "it is doubtful whether this is a jurisdictional question"; the court reciting that it appeared quite satisfactorily that it was alleged in the application for sale that no personal estate had come into the hands of the administrator *de bonis non*, and also that there were . debts or charges against the estate remaining unpaid; and the court held that these statements were clearly sufficient under the statute. In that case the contention was also made that the court did not have jurisdiction of the heirs of the estate because they were not named in the petition or notice. The petition and notice was directed or addressed to "the unknown heirs of said estate." In disposing of this contention, this court said:

" 'The court, of necessity, must determine the sufficiency of the petition.' The court determined the petition to be sufficient, and this determination cannot be attacked in this collateral proceeding."

The contention was made in that case, as in this, that the notice was not directed to all defendants by name. The court used this language in disposing of this contention:

"The notice was directed to 'the heirs and legal representatives' of said estate. * * * The statute then in force provided the notice should be such as the court may prescribe, and must be given to all persons interested in the real estate."

The court then cites with approval and quotes from the case of Shawhan v. Loffer, supra, in which the notice of the application for sale was directed "to all interested in the estate of Benjamin P. Shawhan." The court then proceeds:

"Now, in the case at bar, the court ordered 'due notice to all concerned of the pendency of the petition' should be given, and in relation thereto the court found and entered of record: 'And it appearing to the satisfaction of the court that service of notice of the pendency of this application has been made pursuant to the direction of this court heretofore made', etc. Here is found an express determination of the sufficiency of the notice and service thereof. Under the rule announced in Shawhan v. Loffer, and the authorities there cited, such determination is conclusive and cannot be attacked in a collateral proceeding."

And the court held that the proceedings were authorized, regular, and could not be successfully attacked.

In the case of Spurgin v. Bowers, 82 Iowa 187, 47 N. W. 1029, it was held that where, upon the application of an administrator, an order was made for the sale of real estate for the payment of claims, such order would not be deemed invalid because notice of the application therefor was not served upon one claiming an interest in the estate. In that case the court said:

"It is true that no service of notice was made upon the defendant. Can he, for that reason, even if entitled to notice, obtain such relief in this proceeding? Certainly not. The probate proceeding is not void. Many considerations forbid a rule that would declare proceedings in the settlement of an estate void for a failure to obtain notice upon one of several parties having some interest in the real estate."

The court further proceeds:

"The objections to the regularity of the proceedings by which the order was obtained, as that the petition did not specify what it should; that there was not a proper accounting as to the personal effects of the estate; and that accounts were not properly admitted and approved, etc.—cannot be considered in this proceeding to avoid the order. The order is not, as we have said, void. At best it is but voidable, and the rule is familiar that collateral proceedings are not available to assail such a judgment or order. The effect of the objections, if considered in this proceeding and sustained, would be to transfer the right to determine when the real estate of a pending estate should be sold to pay debts from the probate court to a court of equity."

And the court sustained the proceedings for the sale of the real property involved.

The case of Crossan v. McCrary, supra, is cited with approval in Jordan v. Hunnell, 96 Iowa 334, 65 N. W. 302, where this court said:

"It may be conceded that if, after what was supposed to be a full and final settlement, and after an order discharging the administrator, other assets are found to be administered upon, and other debts to be paid, the court having jurisdiction of the estate may order further administration." Citing Crossan v. McCrary. The

Crossan v. McCrary case was also cited and quoted from with approval in In re Estate of Meinert, 204 Iowa 355, 213 N. W. 938.

It has been held that the cost of a suitable monument for a deceased person is a proper charge against the estate, and, in the absence of sufficient personalty, any real estate may be sold to meet such charge. Mullinnix v. Brown, 151 Iowa 468, 131 N. W. 671.

It has been repeatedly held that it will be presumed that the finding of the court that it has jurisdiction over the parties is based upon sufficient proof of the service of notice, and that such finding cannot be collaterally attacked, and that presumption of regularity under a direct attack can only be overcome by proof. In re Estate of Schultz, 192 Iowa 436, 185 N. W. 24; Stanley v. Noble, supra; Shawhan v. Loffer, supra; Spurgin v. Bowers, supra.

It must be conceded that, had a monument been purchased or authority for such purchase entered in the original probate proceeding, the court could have ordered the sale of the real estate for such purpose. In the instant case in the proceedings for the appointment of the administrator *de bonis non* as well as for the sale of the real estate in question it is shown that no monument had been purchased or erected during the original administration, and that such was a specific charge against the estate—made so by the express provisions of the will.

Based upon the foregoing discussion and the authorities referred to and cited therein, we are constrained to hold that the proceedings for the appointment of the administrator *de bonis non* and for the sale of the real estate were authorized, regular, and legal in every respect, and that they are not subject to the attack made against them by the plaintiff, and that they cannot be successfully attacked in any proceeding, either collateral or direct. The conclusion follows that the abstract to the real estate involved, as furnished to the plaintiff, shows a merchantable title. The plaintiff has not established his right to a cancellation of the contract and a recovery of the purchase price paid upon any theory contended for by him. An affirmance necessarily follows. —Affirmed.

ALBERT, MITCHELL, POWERS, DONEGAN, and KINTZINGER, JJ., concur.