JOSEPH HALL WHITELEY, Appellant, v. THURLO J. MILLS et al., Appellees.

No. 47080.

(Reported in 29 N. W. 2d 541)

NOVEMBER 11, 1947.

REHEARING DENIED JANUARY 16, 1948.

Ralph H. Munro, of Fairfield, for appellant.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, and McBeth & Stong, of Keosauqua, for appellees.

HALE, J.—Joseph Giles Whiteley and his brother, Phil S. Whiteley, were the owners of various tracts of real estate. Joseph Giles Whiteley was the husband of Emma Hall Whiteley, and they had two sons, Joseph Hall Whiteley, the plaintiff in this action, and Philip Wade Whiteley.

By the will of Joseph Giles Whiteley, dated December 23, 1935, and admitted to probate in Van Buren county on the 24th of October, 1938, the undivided one half of said real estate and all personal property of which the testator was seized, were devised to Emma Hall Whiteley, testator's wife, and Joseph Hall Whiteley and Philip Wade Whiteley, his sons, in equal shares. The will appointed testator's son Joseph Hall Whiteley

"administrator" with bond. On declination of the executor named, Phil S. Whiteley, the brother of testator, was appointed administrator with will annexed, duly qualified, and was given permission by the court to continue the mercantile business in which he and the testator had been engaged.

Later, on July 13, 1939, a petition of the widow alleged that the estate was not subject to inheritance tax, that the preliminary report showed a gross of $8,615.51 with an estimated indebtedness of $5,100, a net estate of approximately $3,500. In addition, she alleged that there was in the hands of Oscar Brewster, guardian, a fund derived from insurance and sale of household goods in the amount of $1,233.21. According to this application the guardian was authorized to pay some sums due on living expenses and funeral expenses charged against the estate, and she asked an allowance of $800 in addition to $200 paid her by the guardian. To this application both of the sons, Joseph Hall Whiteley and Philip Wade Whiteley, consented, and the allowance was made.

The probate inventory shows, as alleged, that the total estimated value of real estate and personal property is $8,615.51, with one half of the mortgage indebtedness of $8,200, or $4,100. Other debts estimated $1,000, and perhaps a little more, and the net estimated value of the estate as $5,100.

On August 8, 1939, Phil S. Whiteley, the uncle of plaintiff and partner of the decedent, resigned, and in pursuance of an order fixing the time and place of hearing and prescribing notice, filed his final report, which was approved and he was discharged; and on August 9, 1939, Madge J. Buckles was appointed administratrix de bonis non with will annexed to succeed said Phil S. Whiteley. She will hereafter be referred to as the administratrix. Inventory was filed showing the same property as heretofore mentioned.

On August 11, 1939, the administratrix filed an application to sell real estate to pay debts. In this application she asked authority to sell real estate and alleged that the personal and real property of the estate was not sufficient to pay the debts owing by said estate, being principally partnership debts, and alleged that the administratrix had consulted with Joseph

Hall Whiteley who had talked with his brother, Philip Wade Whiteley, and that the said Joseph Hall Whiteley, as guardian of his mother, approved, for his ward, a proposed settlement which is set out at length in the application. The application was presented to the court and on August 11, 1939, the judge ordered that the same be set down for hearing and determination on the 21st of August, 1939, at 1:30 o'clock, and ordered that notice of hearing be served on the heirs of said estate or their legal representatives by personal service, or by acceptance of service by said heirs or their legal representatives at least five days prior to said hearing.

A notice was prepared in which administratrix represented that the personal property of said estate was not sufficient to pay the debts and alleged the necessity of selling the real estate, and asked that she be authorized and directed to sell real estate and the personal property. She further stated that Phil S. Whiteley and the decedent were partners in business during the life of said decedent under the firm name of J. W. Whiteley & Sons, and that said partnership is heavily in debt; that said indebtedness is far in excess of the value of the property of said partnership; that the said Phil S. Whiteley, surviving partner of said partnership, has offered to assume said indebtedness and hold this estate and the heirs thereof harmless from said debts in consideration of the full and complete transfer to him of all the remaining property of said estate both real and personal, and asking that the court authorize and direct her to accept said offer and make good and sufficient conveyances of said property to said purchaser.

Acceptance of service of said notice was as follows:

"We, the undersigned heirs of Joseph G. Whiteley, deceased, hereby accept due, legal and timely service of the original notice on the opposite side of this sheet and acknowledge receipt of a true copy of same. All done in Keosauqua, Van Buren County, Iowa, this 12th day of August A. D. 1939.— Dr. J. Hall Whiteley; Emma H. Whiteley, by her Guardian, Dr. J. Hall Whiteley; Philip W. Whiteley, M.D.

"I, Phil S. Whiteley, hereby accept due, legal and timely

service of the original notice on the opposite side of this sheet and acknowledge receipt of a true copy of same. All done in Keosauqua, Iowa, this 12th day of August A. D. 1939.—Phil S. Whiteley."

On the 23d of August, 1939, A. L. Heminger, an attorney of Keosauqua, was appointed guardian ad litem of Emma H. Whiteley, and filed answer. On the same day was filed order authorizing the sale of real and personal property, which found that the indebtedness of the estate was in excess of the personal property and in excess of the reasonable value of both the personal and real estate; that it was necessary to sell the real estate and personal property for the purpose of paying the indebtedness, and that the only creditors of said estate and the general creditors are those having third-class claims. The court further found that all the heirs and the surviving spouse, naming them, have accepted service of the notice of hearing on the application, which acceptances are on file and no objections to the application have been filed. The court found that it had jurisdiction of the subject matter and appointed the guardian ad litem. The court further found that "decedent was a member of the partnership with his brother [Phil S. Whiteley] who is the surviving partner; that said Phil S. Whiteley had submitted an offer to purchase all the property remaining and assuming the indebtedness and holding the heirs harmless from any liability, and that he would pay the executrix sufficient cash to pay the cost of the administration, including the attorney fees and executrix fees; that the said offer was fair and reasonable and for the best interest of the estate, and a liberal valuation on said property," and the court found it unnecessary to appraise the property.

The court specifically found that said report and application should be approved and said offer of purchase accepted, and that authority for the executrix de bonis non to sell said property, and the mercantile business, and the personal property should be given—the interest of the estate being one half of the property enumerated. Deeds and bill of sale accordingly were submitted to the court and approved on September 5, 1939. Thereafter, the final report of the administratrix de bonis

non was approved, and the administratrix discharged, and the estate closed on January 11, 1940.

The present case is an action of partition begun by the above mentioned Joseph Hall Whiteley, plaintiff. His mother, Emma Hall Whiteley, and widow of Joseph Giles Whiteley, died intestate on October 13, 1941, and left as heirs the plaintiff and his brother, Philip Wade Whiteley. Philip Wade Whiteley and wife conveyed by quitclaim deed all his right, title and interest in the real estate to the plaintiff. Thereafter, on the 19th day of July, 1946, the plaintiff herein filed his petition alleging that he is the absolute owner by title in fee simple of the undivided half of the real estate mentioned in the preceding statement, being located in the town of Bonaparte; alleging the will of his father, reciting that the defendants named claimed some interest, inability to agree on division, and alleging that the deed of Madge J. Buckles, as executrix of plaintiff's father, Joseph Giles Whiteley, is wholly void and a cloud on plaintiff's title; that the other half of the real estate was owned by Phil S. Whiteley who, on his death in 1942, devised the real estate to Thurlo J. Mills, and who conveyed to the other defendants named. He makes the usual prayer in the petition for the establishment of his title, for the sale of the real estate and division of proceeds, and that the deed made by Madge J. Buckles be set aside insofar as it attempted to convey the interest in plaintiff's undivided half of the real estate. There was an answer of all defendants, Division I being a general denial, and the denial that the deed from which they derived title was void or constitutes a cloud and should be set aside.

In Division II of the answer the defendants refer to the proceedings, as have heretofore been stated, relative to the executrix' deeds. In Division III defendants plead the statute of limitations in section 635.40 of the 1946 Code, in that plaintiff is attempting to bring an action for recovery of real estate, claiming under a deceased more than five years after the sale of real estate of deceased by decedent's executrix or administratrix. Division IV sets out that the deed which plaintiff claims to be void was executed and delivered pursuant to an

order of the court in probate; said order and the proceedings upon which said order was based have not been directly attacked, stand as a verity, and cannot be questioned in a collateral proceeding. Division V pleads laches and plaintiff's unreasonable delay in bringing this action; and Division VI sets out that the defendants have become innocent purchasers, relying upon plaintiff's acceptance of service, and made valuable improvements thereon; that Thurlo J. Mills, defendant, alleges that he is in fact an innocent purchaser for value in that the decedent Phil S. Whiteley agreed to devise said real estate to him in satisfaction of then existing valid indebtedness and said devise constituted the carrying out of said agreement and was therefore a conveyance for value; and that the said Mills, relying upon the plaintiff's acceptance of service of the aforementioned notice, refrained from filing his claim in the estate of Joseph Giles Whiteley, and that plaintiff is estopped. All defendants ask that plaintiff's petition be dismissed under the general rules of equitable relief.

This case came on for trial on December 16, 1946. There was no dispute as to the evidence which consisted mostly of the files of the estate as heretofore referred to, and on the 17th of December the court rendered an opinion in which he set out the various facts relating to the execution of the administratrix' deed. Among other things, the court said:

"It is true the files don't at this time disclose any acceptance of service by Emma H. Whiteley, the surviving spouse, but the fact that no such acceptance now appears in the files is not sufficient to overcome the findings of the court that she had accepted service of notice."

The court further said:

"The plaintiff apparently relies on the proposition that by reason of her having a guardian is an adjudication that she was mentally incompetent. This by no means follows. A person may have a guardian who is not mentally incompetent. The statute at that time, as now, especially provides that any person other than an idiot or lunatic might upon his own application by verified petition have a guardian appointed for his

person or property, or both. In this situation there can be no presumption that Emma Hall Whiteley was incompetent or incapable of accepting service of notice."

The court found for the defendants and suggested that the proceedings might have been questioned on appeal to the supreme court, but were not, and that the present action is a collateral attack upon the probate proceedings of the court. Decree was rendered accordingly, dismissing plaintiff's petition on its merits and taxing costs to said plaintiff. Plaintiff appeals.

I. The propositions upon which plaintiff relies are: that the probate court did not have jurisdiction to make the order or decree authorizing or directing the executrix to convey the real estate, described in plaintiff's petition, to Phil S. Whiteley, and asserting that jurisdiction could not be conferred by waiver or consent of the parties. He states in his argument that the basic case upon which the present case is presented is Glover v. Brown, 32 Idaho 426, 184 P. 649. That case is not as persuasive as plaintiff argues. The husband, as administrator of his wife's estate, committed a fraud by listing certain real estate as community property instead of the property of the decedent wife. On the death of the wife community property would have become the property of the husband, but it was actually her property and on her death a part of her estate. The court held that the judgment was void and the proceeding not a collateral attack on the judgment, but a direct attack. The facts of that case do not apply here.

It has repeatedly been held in Iowa that such a proceeding as is here brought is a collateral attack on the action of the probate court. Of course if a court attempts to dispose of matters over which it is not authorized to act, or to grant relief in cases where it has no power to grant relief, or in case of fraud affecting the jurisdiction of the court, its judgment is void, and such is the tenor of some of the decisions cited by plaintiff, which it is unnecessary to review, except so far as the decisions of this state are concerned. But the facts recited in the petition in this case and the testimony introduced do not make a showing of fraud.

The general rule is that when the court has jurisdiction of the subject matter and the person of the defendant, its judgment is conclusive. Plaintiff's citations to various decisions of this court are not persuasive. We call attention to such citations by the plaintiff. Faith v. National Cas. Co., 230 Iowa 173, 297 N. W. 287, does not support his contention. This was a law action against a surety on a guardian's bond. It cites, approvingly, Barney v. Chittenden, 2 (Greene) Iowa 165, 177, which holds that the judgments, orders and decrees, made within the scope of a court's specific powers, as prescribed by the statute, are to be regarded as conclusive against collateral attack, when jurisdiction has attached, as to the parties and the subject matter.

The Faith case refers also to Reinsurance L. Co. v. Houser, 208 Iowa 1226, 1228, 1229, 227 N. W. 116, 118, which comments upon the question of collateral attack, and was a suit to foreclose a mortgage executed by the administrator. The court says:

"If the court was in error in determining that the land and the interests of these defendants in it were such that the land could be mortgaged for the payment of decedents' debts, the remedy was by proceedings to vacate the judgment, or by appeal, and not by this collateral attack." Citing cases. The court further found that:

"It is res adjudicata that the land in controversy was liable to mortgage for the debts for which the court ordered it mortgaged, and that the title of the defendants is subject to the mortgage."

Educational Film Exchanges v. Hansen, 221 Iowa 1153, 266 N. W. 487, cited by plaintiff, holds that jurisdiction of the subject matter and of the person once obtained, there can be no collateral attack.

Plaintiff also cites Boyles v. Boyles, 37 Iowa 592, and Good v. Norley, 28 Iowa 188. These are cases of no notice and do not apply to the facts in this case. In re Estate of Jackson, 225 Iowa 359, 280 N. W. 563, also cited by plaintiff, was an

appeal and can have no application here. It involved a claim of the fourth class in which no notice was served, nor was there any evidence of peculiar circumstances. Other cases cited by plaintiff are Prichard v. Anderson, 224 Iowa 1152, 278 N. W. 348; Southwick v. Strong, 218 Iowa 435, 255 N. W. 523. They are not relevant here, and in them was involved the question of homestead which is not in issue here.

Plaintiff urges in argument that in this case no service was made on Emma Hall Whiteley. We have set out the acceptance of the heirs and Mrs. Whiteley, by her guardian. We do not think this is a case of "no service". It may be defective service, but in such case, after a finding by the court that the parties were duly served, the right of any person objecting to the order was by appeal. Plaintiff urges that it was conceded in the trial of this cause that the only notice or return of service thereon ever filed by the clerk of Van Buren county is as set out above. This is not quite what appears from the record.

Suggestion was made by plaintiff's attorney in the district court in the present case that defendants' attorneys concede that this is the only notice that was served in connection with the application, and the only service of the notice, but defendants' counsel refused to so concede—agreeing only that they would concede that it was the only one that was in the file, but would not concede that it was the only notice. And the counsel for the defendants further said that they would concede that "you are trying to show by the clerk that this is the only notice that appears in the record." Plaintiff's counsel added—"and the only notice of the application in question," and defendants' counsel responded, "that's right". This does not amount to a concession that the only notice of the proceeding was the one shown in the record, and in fact the court found in his opinion that all parties were duly notified. As a matter of fact, in the probate proceeding, the court, in passing upon the petition of the administratrix for the sale of the real estate on August 23, 1939, did make a finding of jurisdiction as follows:

" * * * the court finds that the application is set for hearing by order of court on the 21st day of August, 1939, at 1:30 p.m., and that all heirs of said estate, the same being as follows, to-wit: Emma H. Whiteley, surviving spouse; Dr. J. Hall Whiteley, a son; and Dr. Philip W. Whiteley, a son, are adults, having accepted service of the notice of the hearing on this application, which acceptances are now on file in the office of the clerk of this court; that no objection to said application has been filed; that the court has jurisdiction of the parties and the subject matter involved; that A. L. Heminger, attorney, has been appointed guardian ad litem, and his answer is now on file."

This is an express finding of jurisdiction at the date mentioned, and in the face of this finding we do not think that the plaintiff would be justified in asserting that there was no notice. It was so found by the district court in the trial of this case and we agree with such finding. The court had jurisdiction of the parties, the subject matter, and the right to enter the order attacked.

We cannot disregard the finding of the lower court as to service. See In re Estate of Schultz, 192 Iowa 436, 185 N. W. 24; Giberson v. Henness, 219 Iowa 359, 258 N. W. 708. It has been repeatedly held that it will be presumed that the finding of a court that it has jurisdiction over the parties is based upon sufficient proof of service of notice and that such finding cannot be held void in a collateral proceeding. Stanley v. Noble, 59 Iowa 666, 13 N. W. 839; Shawhan v. Loffer, 24 Iowa 217; Spurgin v. Bowers, 82 Iowa 187, 47 N. W. 1029.

We are satisfied that the probate court, in ordering the sale of the real estate, had jurisdiction to enter such order. The action of the district court might be voidable, but even so, unless void, as defendants claim, would not be subject to collateral attack.

"A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect of its validity, verity, or binding effect, by parties or privies, in any collateral action or proceeding, ex-

cept \*.\* \* for fraud in its procurement. Even if the judgment is voidable, that is, so irregular or defective that it would be set aside or annulled on a proper direct application for that purpose, it is well settled as a general rule that it is not subject to collateral impeachment as long as it stands unreversed and in force." 49 C. J. S., Judgments, section 401.

In defining collateral attack it is also said:

" \* \* \* if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack on the judgment is collateral." 49 C. J. S., Judgments, section 408.

See, also, Anderson v. Schwitzer, 236 Iowa 765, 20 N. W. 2d 67; Brown v. Tank, 230 Iowa 370, 297 N. W. 801; Newcomer v. Newcomer, 199 Iowa 290, 201 N. W. 579.

Also, it may be noted that it is the general rule that irregularities in probate proceedings do not void them. Cowins v. Tool, 36 Iowa 82; Mead v. Mead, 39 Iowa 28; Soppe v. Soppe, 232 Iowa 1293, 8 N. W. 2d 243; Spurgin v. Bowers, supra; Myers v. Davis, 47 Iowa 325; Giberson v. Henness, supra; and Stanley v. Noble, supra.

II. Other matters discussed by plaintiff in his argument such as that jurisdiction would not be conferred by waiver or consent of the parties, or that jurisdiction may be raised at any stage of the proceeding, need no discussion. The question of jurisdiction is the basis of plaintiff's argument. Our holding on that question, and on the right to attack the original finding in the probate proceeding, is determinative of the case. In view of our holding it is unnecessary to consider the question of limitation.

The order of the district court dismissing the petition at plaintiff's cost was correct, and the cause is therefore affirmed. —Affirmed.

OLIVER, C. J., and BLISS, GARFIELD, MANTZ, MULRONEY, SMITH, and HAYS, JJ., concur.